[No. C029392. Third Dist., Nov. 15, 1999.]

THE PEOPLE, Plaintiff and Appellant, v.
RODNEY DUANE ALLEN, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Appellant.

Victor S. Haltom, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**SIMS, Acting P. J.**—This People's appeal presents a question whether a 1995 amendment to the statute requiring convicted sex offenders to register, Penal Code section 290 (all further section references are to the Penal Code), violates the proscription on ex post facto laws. Before January 1, 1995, the statute required persons adjudicated guilty of sexual offenses as juveniles to register only until they turned 25. (Former § 290, subd. (d)(4).) Effective January 1, 1995, section 290 was amended to abolish this restriction and to impose a lifetime duty of registration on all such persons who were discharged or paroled from juvenile commitments on or after January 1, 1986. (§ 290, subd. (d)(1).)

Defendant Rodney Duane Allen was adjudicated guilty of a sexual offense in juvenile court in 1987. He turned 25 in 1994. Charged with a violation of section 290 in 1997, he obtained a dismissal of the charge on the ground that as applied to him the statute violated the prohibition against ex post facto laws. The trial court then denied the People's motion to reinstate the charge. (§ 871.5.) The People appeal from the trial court's order denying their motion. (§ 1238, subd. (a)(9).)

Our Supreme Court has recently held that section 290's requirement that a person register as a sex offender does not constitute punishment for purposes of ex post facto analysis. (*People* v. *Castellanos* (1999) 21 Cal.4th 785 [88 Cal.Rptr.2d 346, 982 P.2d 211].) Therefore the trial court's rulings cannot be sustained on ex post facto grounds. Finding defendant's remaining arguments to justify the dismissal of the charge meritless, we shall reverse the trial court's order denying the People's motion to reinstate the charge and remand the matter with directions to grant that motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 1997, defendant was charged with failing to register as a sex offender within five days of his birthday, June 27, 1997. (§ 290, subd. (a).) His duty to register allegedly arose out of an adjudication in juvenile court in 1987 that he had violated section 220 (assault with intent to commit rape), for which he was committed to the California Youth Authority (CYA). He was paroled from CYA in 1990 and later released from parole.

Defendant was originally charged with violation of section 290 in January 1997. On February 19, 1997, the charge was dismissed on motion of the People in the interest of justice. The parties stipulated that defendant "was not and is not registerable . . . ." The trial court stated its understanding

that defendant's underlying offense was not registerable because it was a CYA commitment.

The Sacramento Police Department notified defendant by letter on or about February 28, 1997, that because he had reached age 25 he was no longer required to register. However, on May 2, 1997, the department advised him that its previous notice had been erroneous and that he was still required to register. He signed a Department of Justice "Notice of Registration Requirement" form, which specifically states that he understood his requirement to register was a lifetime requirement, in the presence of a Sacramento police officer.

On June 13, 1997, defendant registered under the statute. However, he did not re-register within five working days of his birthday (June 27, 1997).

The district attorney again filed charges under section 290 against defendant on July 22, 1997. That charge was dismissed on August 13, 1997, for "insufficient evidence," apparently because defendant brought in the February 1997 letter notifying him that he did not have to register.

On August 27, 1997, the district attorney refiled the charge against defendant.[1] On November 26, 1997, defendant moved to dismiss the charge under section 290 as a violation of the prohibition against ex post facto laws because his duty to register had expired under the former law before the date of his alleged offense; in the alternative he argued that the district attorney was estopped to prosecute him because (1) the police had notified him in February 1997 that he had no duty to register, and (2) charges filed against him since then had twice been dismissed.[2]

On December 17, 1997, the superior court (Judge Jane Ure presiding) granted defendant's motion. The court agreed with defendant that his prosecution violated the ex post facto prohibition. In addition, the court appears to have accepted defendant's estoppel theory: ". . . We have Mr. Allen being told by district attorneys in front of Judges that he doesn't have to register. He receives a letter from the police department saying he doesn't have to register. [¶] I agree he had notice when he signed the registration form that he had to register, but it appears to the Court that this is not at all clear and specific in view of the fact that district attorneys in this county, out of three of them, two say he doesn't have to register and one says he does . . . ."

---

[1]Defendant was simultaneously charged with a second count alleging an unrelated offense. That charge is not at issue here.

[2]As will appear, the trial court did not accept defendant's argument that prosecution was barred because the charges had been twice dismissed. Neither party discusses this theory on appeal, and therefore we do not address it further.

On January 4, 1998, the district attorney moved to reinstate the charge under section 871.5. On January 21, 1998, the superior court (Judge Gerald S. Bakarich presiding) denied the motion, relying only on the ex post facto theory. The court rejected defendant's claim that he did not receive due notice because the registration form he signed gave him sufficient notice.

DISCUSSION

I

In *Castellanos,* our Supreme Court explained that the registration requirement imposed by section 290 does not constitute punishment for purposes of ex post facto analysis under the federal and California Constitutions (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9): it neither alters the definition of any crime nor increases the punishment for criminal acts, the Legislature did not intend registration to constitute punishment, and it is not so punitive in nature and effect that it must be deemed punishment. (*People* v. *Castellanos, supra,* 21 Cal.4th at pp. 788-799 (plur. opn. of George, C. J.); *id.* at pp. 799-806 (conc. and dis. opn. of Kennard, J.).) Therefore the defendant could not complain that the trial court's order to register under a provision in section 290 that became effective after defendant committed the prerequisite sexual offenses violated the ex post facto prohibition. (*Castellanos, supra,* at pp. 788-799 (plur. opn. of George, C. J.); *id.* at pp. 799-806 (conc. and dis. opn. of Kennard, J.).)

The holding of *Castellanos* dooms defendant's ex post facto theory. Since the ex post facto prohibition applies only to laws that constitute punishment, and section 290 is not such a law, the charge against defendant could not properly be dismissed on ex post facto grounds.

II

Defendant contends that section 290, properly construed, does not "revive an extinguished duty to register" because Penal Code provisions act only prospectively unless the Legislature has expressly provided otherwise (§ 3) and section 290 contains no express declaration purporting to revive extinguished obligations. We are not persuaded.

In amending the relevant portion of section 290 the Legislature did not make the statute retroactive in effect. The Legislature did not declare, in imposing the new lifetime duty of registration, that persons discharged or paroled from CYA commitments who had failed to register after their 25th birthdays and before the effective date of the amendment had committed a crime by not registering. The Legislature merely declared that such persons had to register from now on. (§ 290, subd. (d)(1).)

Nor was this provision applied retroactively to defendant. He was not charged with having failed to register between the date of his 25th birthday (June 27, 1994) and the effective date of the amendment. Thus defendant's claim that his duty to register was "extinguished" as of his 25th birthday under the former statute is immaterial.

### III

Defendant finally renews his equitable estoppel contention, based on the People's representation in open court on February 19, 1997, that he "was not and is not registerable," and the subsequent letter to the same effect from the Sacramento Police Department. However, he ignores two key facts. First, he signed a California Department of Justice "Notice of Registration Requirement" form on May 2, 1997, *after* the advisements he relies on, which expressly acknowledged that he had been notified of his duty to register for the rest of his life. Second, he registered on June 13, 1997.

In light of these facts, defendant cannot show that he was ignorant of his duty to register or that he relied to his detriment on any representations by the People or the police before May 2, 1997. His equitable estoppel claim therefore fails. (*Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245]; *Green* v. *Travelers Indemnity Co.* (1986) 185 Cal.App.3d 544, 556 [230 Cal.Rptr. 13].)

Defendant has moved to strike portions of the People's opening brief which allegedly contain nonfactual matters outside the record. We have not relied on any of the matters defendant objects to. We deny the motion to strike.

### DISPOSITION

The judgment (order denying the People's motion for reinstatement of charges under section 290) is reversed and the matter is remanded to the trial court with directions to grant the motion.

Callahan, J., and Hull, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 23, 2000. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.