[No. B202222. Second Dist., Div. Seven. June 10, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH MANCHEL, Defendant and Appellant.

**COUNSEL**

Karen W. Riley, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Donald E.

De Nicola, Deputy Solicitor General, Kristofer Jorstad, Janet Neely, Keith H. Borjon and A. Scott Hayward, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ZELON, J.**—Joseph Manchel pleaded guilty to oral copulation with a 15-year-old girl in violation of Penal Code[1] section 288a, subdivision (b)(2). Under section 290, all persons convicted of certain sexual offenses, including a violation of section 288a, subdivision (b)(2), must, while residing in California, register for life as a sex offender with the appropriate law enforcement agency. Manchel was therefore ordered to register as a sex offender. Manchel later sought relief from his registration obligation on the basis of the California Supreme Court's decision in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*): he argued that mandatory registration for the offense he committed denied him equal protection of the laws. The trial court refused to grant relief from the registration order. Manchel appeals, and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Manchel, 29 years old at the time, was alleged to have engaged in multiple sexual acts, including intercourse and oral copulation, with a 15-year-old voluntary[2] participant. He was charged with lewd acts on a child (§ 288, subd. (c)(1)); oral copulation of a person under the age of 16 years (§ 288a, subd. (b)(2)); unlawful sexual intercourse with a minor under the age of 16 years (§ 261.5, subd. (d)); and contributing to the delinquency of a minor (§ 272). In exchange for entering a nolo contendere plea to oral copulation of a child under the age of 16 years, the remaining charges were dismissed. Manchel was granted probation on the condition that he register annually as a sex offender pursuant to section 290.

In March 2007 Manchel filed a motion to vacate the order for mandatory registration. The trial court denied the motion. Manchel appeals.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Like the court in *Hofsheier*, we use the term "voluntary" "in a special and restricted sense to indicate both that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances: the perpetrator's use of 'force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person' (§ 288a, subd. (c)(2)); the perpetrator's 'threatening to retaliate in the future against the victim or any other person' (§ 288a, subd. (c)(3)); and the commission of the act while the victim is unconscious (§ 288a, subd. (f)) or intoxicated (§ 288a, subd. (i))." (*Hofsheier, supra*, 37 Cal.4th at p. 1193, fn. 2.)

## DISCUSSION

■ Manchel's argument that mandatory sex offender registration for violators of section 288a, subdivision (b)(2) violates equal protection principles is founded on *Hofsheier, supra,* 37 Cal.4th 1185, in which the California Supreme Court concluded that the requirement of mandatory registration for those convicted of violating section 288a, subdivision (b)(1) constituted an equal protection violation. For reasons we will explain, we decline to extend *Hofsheier's* analysis to apply to those convicted of violating section 288a, subdivision (b)(2) and conclude that no equal protection violation results from the mandatory registration requirement here.

In *Hofsheier, supra,* 37 Cal.4th at page 1198, the Supreme Court considered a "specific equal protection issue . . . involv[ing] the adult offender convicted under section 288a,[ subdivision] (b)(1) of a voluntary sexual act with a minor 16 years or older, a group that includes defendant. State law requires all such offenders to register for life as a sex offender. In contrast, an adult offender convicted of voluntary sexual intercourse with a minor 16 years or older is not subject to mandatory registration. The issue is whether this distinction violates the equal protection clause of the Fourteenth Amendment to the United States Constitution or of article I, section 7 of the California Constitution."

The Supreme Court began with the threshold analysis for any equal protection analysis: the question of whether the state had adopted a classification that affected two or more similarly situated groups in an unequal manner (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549]). The Supreme Court concluded that Hofsheier had demonstrated that he was similarly situated for purposes of sex offender registration to another set of offenders who were not subjected to mandatory registration—individuals who had unlawful sexual intercourse with a minor, thereby violating section 261.5, subdivision (c) (unlawful sexual intercourse with a minor more than three years younger than the perpetrator). (*Hofsheier, supra,* 37 Cal.4th at p. 1200.) While registration for violating section 288a, subdivision (b)(1) was mandatory, registration under section 261.5, subdivision (c) was not. The Supreme Court observed, "If defendant here, a 22-year-old man, had engaged in voluntary sexual intercourse with a 16-year-old girl, instead of oral copulation, he would have been guilty of violating section 261.5, subdivision (c), but he would not face mandatory sex offender registration." (*Hofsheier,* at p. 1195.) Therefore, the Supreme Court concluded, "Turning to this case, section 288a[, subdivision] (b)(1) and section 261.5 both concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine

whether distinctions between the two groups justify the unequal treatment.' [Citation.]" (*Id.* at p. 1200.)

The Supreme Court then evaluated whether there was a rational basis for treating those who participate in a voluntary act of oral copulation with a victim who is 16 or 17 years old (violators of § 288a, subd. (b)(1)) differently from those who engage in voluntary sexual intercourse with a minor of the same age (violating § 261.5, subd. (c) [unlawful intercourse with a person more than three years younger than the perpetrator]) with respect to sex offender registration, and concluded there was no rational basis for this disparate registration treatment. (*Hofsheier, supra,* 37 Cal.4th at pp. 1200–1207.) The court explained, "We perceive no reason why the Legislature would conclude that persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders. We therefore conclude that the statutory distinction in section 290 requiring mandatory lifetime registration of all persons who, like defendant here, were convicted of voluntary oral copulation with a minor of the age of 16 or 17, but not of someone convicted of voluntary sexual intercourse with a minor of the same age, violates the equal protection clauses of the federal and state Constitutions." (*Id.* at pp. 1206–1207, fn. omitted.) The Supreme Court remanded the matter to the trial court for the determination of whether Hofsheier should be ordered to register as a sex offender under the discretionary registration provisions of section 290. (*Id.* at pp. 1208–1209.)

In Manchel's case, his victim was not 16, but 15 years old. Therefore, rather than suffering a conviction under section 288a, subdivision (b)(1) for unlawful oral copulation of a person under the age of 18 as in *Hofsheier, supra,* 37 Cal.4th 1185, Manchel was convicted under section 288a, subdivision (b)(2), which provides that "any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age is guilty of a felony." Manchel argues that despite the statutory difference, we should apply the *Hofsheier* reasoning here. He equates his position to that of Hofsheier, claiming that if he (Manchel) had engaged in voluntary sexual intercourse with his victim, instead of oral copulation, he would have been guilty of violating section 261.5, subdivision (d) (unlawful intercourse with a minor under the age of 16), but he would not have faced mandatory sex offender registration. (See *Hofsheier,* at p. 1195.) Accordingly, Manchel contends, he is similarly situated for the purposes of sex offender registration to a violator of section 261.5, and just as the Supreme Court held

in *Hofsheier,* there is no rational basis for treating these two groups of offenders differently in the context of whether they should be required to register as sex offenders.[3]

This argument has considerable appeal and, indeed, it recently was accepted by another division of this district in *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (*Garcia*). That court reasoned, "A person over 21 convicted of oral copulation of a 14 year old in violation of section 288a, subdivision (b)(2), is subject to the mandatory registration requirements of section 290, subdivision (c) [formerly § 290, subd. (a)(1)(A)]. A person over 21 convicted of unlawful sexual intercourse with a 14 year old in violation of section 261.5 is subject to the discretionary registration requirements of section 290.006 [formerly § 290, subd. (a)(2)(E)]. If there is no rational reason for this disparate treatment when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier*[, *supra*, 37 Cal.4th 1185] applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a." (*Garcia*, at p. 482.)

■ The instant case, however, squarely presents an issue that does not appear to have been raised before the court in *Garcia, supra,* 161 Cal.App.4th 475: the effect of section 288 on the equal protection analysis. Section 288 concerns lewd or lascivious acts with minors. Both oral copulation and sexual intercourse are lewd or lascivious acts when committed by individuals of the ages and age disparities set forth in section 288. (*Hofsheier, supra,* 37 Cal.4th at p. 1195 [oral copulation]; *People v. Fox* (2001) 93 Cal.App.4th 394, 399 [112 Cal.Rptr.2d 907] [intercourse].) Section 288, subdivision (a) provides that "[a]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." If the child is 14 or 15 years, section 288 comes into play only if the perpetrator is at least 10 years older than the victim. In that event, section 288, section (c)(1) applies: "Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense . . . ." ■ By the statute's terms, if the child is older than 15, or if the child is 14 or 15 and the perpetrator is not at least 10 years older, then the perpetrator cannot be prosecuted under section 288.

---

[3] Manchel's counsel attempts to support her argument by citing one nonpublished opinion and one depublished opinion, in violation of California Rules of Court, rule 8.1115(a). Although counsel sought to evade this rule with a collateral estoppel argument, the argument is without merit and the cases should not have been cited.

■ Persons convicted of violating section 288 are subject to mandatory lifetime registration as sex offenders. (§ 290, subd. (c).) This fundamentally alters the equal protection analysis here. *Hofsheier* turned on the disparity in treatment of an adult offender who engaged in different kinds of sexual conduct with a 16-year-old minor—the fact that engaging in voluntary oral copulation landed a person in the category of mandatory registration when having voluntary sexual intercourse with the same victim would not. (*Hofsheier, supra*, 37 Cal.4th at pp. 1195, 1200.) Hofsheier's victim was 16 years old (*id.* at p. 1192), so regardless of whether he engaged in oral copulation or sexual intercourse with her, he could not have been prosecuted under section 288. Therefore, the only matter that determined whether he was subject to mandatory registration for his voluntary sexual conduct with that 16-year-old minor was whether the sexual offense was oral copulation or intercourse. That fact established that Hofsheier and others convicted of engaging in oral copulation with a 16- or 17-year-old minor under section 288a, subdivision (b)(1) were similarly situated with respect to sex offender registration to persons convicted of unlawful sexual intercourse with victims of the same age (§ 261.5, subd. (c) [unlawful intercourse with a minor more than three years younger than perpetrator]), and required an examination of whether a rational basis existed to justify the disparate treatment of these two groups. (37 Cal.4th at p. 1200.)

This core element of the *Hofsheier* equal protection analysis—that if he had gone ahead and had intercourse with the victim he could not have been subjected to mandatory registration, but because he engaged in oral copulation he was—does not hold true for Manchel. Because Manchel's victim was 15 years old and he was at least 10 years older than she was, whether Manchel was subject to mandatory registration did not hinge on the distinction of whether the sexual conduct he engaged in with her was oral copulation or sexual intercourse. Either act constituted a lewd and lascivious act under section 288, subdivision (c)(1) and subjected Manchel to mandatory lifetime registration as a sex offender. (§§ 288, subd. (c)(1), 290, subd. (c).) In other words, in contrast to *Hofsheier, supra*, 37 Cal.4th 1185, here the nature of the sexual act was not determinative of whether Manchel was subject to mandatory registration: whether sexual intercourse or oral copulation took place, his conduct subjected him to mandatory registration under the Penal Code.

Indeed, the Supreme Court in *Hofsheier, supra*, 37 Cal.4th 1185, expressly stated that in its equal protection analysis it was not considering circumstances in which registration would be mandatory regardless of the nature of the perpetrator's sexual conduct. The court asserted, "We are not here concerned with persons convicted of a crime involving a forcible sexual act, or one involving a victim under the age of 14, because all such persons must

register as sex offenders irrespective of whether they engaged in oral copulation or sexual intercourse. (See §§ 264 [rape], 288 [lewd or lascivious acts with victim under the age of 14], 288a, subd. (c)(1) [oral copulation with a minor under 14 years of age], 288a, subd. (c)(2) [forcible oral copulation], 290, subd. (a)(2) [convictions requiring registration].)" (*Id.* at p. 1198.) The Supreme Court implicitly recognized that the equal protection analysis enunciated in the *Hofsheier* decision would not extend to situations in which the sexual conduct required mandatory registration regardless of whether it was sexual intercourse or oral copulation. That is the circumstance here, where Manchel's sexual conduct with his victim, irrespective of whether he engaged in oral copulation or sexual intercourse, constituted a lewd act within the meaning of section 288, subdivision (c)(1) and exposed him to mandatory sex offender registration.

Manchel urges us to disregard section 288, subdivision (c)(1) and focus on the fact that if he had been convicted under section 261.5 he would not have been subject to mandatory registration. Given that Manchel asks us to compare his registration requirement for oral copulation with the registration rule that would have applied if he had engaged in sexual intercourse with his victim, we cannot ignore that such conduct would have violated not only section 261.5, subdivision (d) (no mandatory registration) but also section 288, subdivision (c)(1) (mandatory registration). (§ 290, subd. (c).) Similarly, the Supreme Court in *Hofsheier* looked at what laws Hofsheier would have violated if he had had sexual intercourse with his victim, and there, the only applicable law was one that would not have subjected him to mandatory sex offender registration, so he was compared with people who had violated that law. (*Hofsheier, supra*, 37 Cal.4th at p. 1195.) We conclude that if another statute had applied in *Hofsheier* such that regardless of the nature of Hofsheier's sexual conduct he could have been subject to mandatory sex offender registration, Hofsheier would have been unable to pursue a successful equal protection claim.

■ Because Manchel falls within statutes that provide for mandatory registration regardless of whether he engaged in intercourse or oral copulation, Manchel cannot establish that he is similarly situated to another group of offenders who are not subject to mandatory sex offender registration. Without that showing Manchel cannot prevail on his equal protection claim. "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J., supra*, 25 Cal.3d at p. 530.) The order requiring Manchel to register as a sex offender did not violate the equal protection clauses of the state or federal Constitutions.

## DISPOSITION

The order is affirmed.

Perluss, P. J., and Woods, J., concurred.

A petition for a rehearing was denied July 10, 2008, and appellant's petition for review by the Supreme Court was denied September 24, 2008, S165291. Corrigan, J., did not participate therein.