[No. A118858. First Dist., Div. Five. Jan. 7, 2009.]

In re J.P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
J.P., Defendant and Appellant.

## Counsel

Richard Such, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**NEEDHAM, J.**—Appellant J.P. was adjudged a ward of the juvenile court under Welfare and Institutions Code section 602 after he admitted an allegation of nonforcible oral copulation with a person under 18 years of age

in violation of Penal Code section 288a, subdivision (b)(1).[1] He appeals from an order denying his motion to be relieved of the requirement that he register as a sex offender under sections 290 and 290.008.[2] Relying on *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), appellant contends that mandatory registration would deny him equal protection under the law because there is no such requirement for similarly situated offenders convicted or adjudicated of committing unlawful intercourse with a person under 18 under section 261.5, subdivision (a). We agree.

## I. BACKGROUND

In June 1998, when he was 12 years old, appellant contacted the Child Protective Services crisis line and reported that he was doing "nasty things" to his little brother. An investigation revealed that appellant was having frequent sexual contact with his five-year-old brother and seven-year-old sister. A juvenile wardship petition was filed in the Mendocino County Superior Court alleging one count of lewd contact with a child under 14 years of age on his sister (§ 288, subd. (a)) and one count of forcible oral copulation on his brother (§ 288a, subd. (c)).

As part of a negotiated disposition, the petition was amended to add a third count of nonforcible oral copulation of a person under 18 under section 288a, subdivision (b)(1), which appellant admitted in exchange for a dismissal of the original charges. He was removed from his parents' custody, placed on probation, and spent the next two years in a variety of out-of-home placements. In August 2000, appellant was committed to the California Youth Authority (now the Department of Corrections and Rehabilitation, Division of Juvenile Facilities)[3] following his fourth probation violation. His commitment was twice extended on the ground that his release "would be physically dangerous to the public because of [a] mental or physical deficiency, disorder, or abnormality that causes [him] to have serious difficulty controlling his . . . behavior. . . ." (Welf. & Inst. Code, § 1800, subd. (a).)

In a third proceeding to extend appellant's commitment, a mistrial was declared after the jury was unable to agree that he posed a continuing danger to the public. The prosecution dismissed the petition and appellant was discharged from the Division of Juvenile Facilities in September 2006. Under section 290.008, subdivision (a), "Any person who, on or after January 1, 1986, is discharged or paroled from the Department of Corrections and Rehabilitation to the custody of which he or she was committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] Section 290, former subdivision (d)(3), which established the sex offender registration requirements for juvenile offenders, was reenacted as section 290.008, effective October 13, 2007.

[3] See Welfare and Institutions Code sections 1000 and 1710, subdivision (a).

Welfare and Institutions Code because of the commission or attempted commission of any offense described in subdivision (c) shall register in accordance with the [Sex Offender Registration] Act." Section 290.008, subdivision (c) provides in relevant part, "Any person described in this section who committed an offense in violation of any of the following provisions shall be required to register pursuant to the Act: [¶] . . . [¶] (2) Any offense defined in . . . Section 288, . . . paragraph (1) of subdivision (b) of, or subdivision (c) or (d) of, Section 288a . . . ." A violation of section 261.5, which penalizes unlawful intercourse with a minor, is not an offense triggering mandatory registration. (§ 290.008, subd. (c).)

In March 2007, appellant, now an adult, was charged in Sonoma County with two counts of failing to register as a sex offender in violation of section 290. In June 2007, appellant filed a motion in the Mendocino County juvenile case to set aside the sex offender registration requirement. He relied on *Hofsheier, supra,* 37 Cal.4th 1185, in which the Supreme Court held that because registration is not mandated for persons convicted of unlawful, nonforcible *intercourse* with a minor (§ 261.5, subd. (a); see §§ 290, subd. (c) & 290.008, subd. (c)), it would violate equal protection to mandate registration for similarly situated persons convicted of unlawful, nonforcible *oral copulation* with a minor. (*Hofsheier,* at pp. 1193, 1198–1207.) The district attorney opposed the motion, arguing that *Hofsheier*'s equal protection analysis had been based on the disparate treatment of adult offenders committing two equivalent types of consensual sexual acts (intercourse and oral copulation) against victims who were 16 or 17 years old, whereas appellant's oral copulation victims were much younger and could not be compared to a 16- or 17-year-old who engages in consensual intercourse. (See *Hofsheier, supra,* 37 Cal.4th at p. 1198.)

The juvenile court denied appellant's motion to set aside the registration requirement. It concluded that *Hofsheier* was distinguishable because the victim in that case was 16 years old, whereas appellants' victims were five and seven years old.[4] This appeal follows.

## II. DISCUSSION

The starting point of our analysis is *Hofsheier* itself, in which the 22-year-old defendant pled guilty to oral copulation with a 16-year-old victim in

---

[4] The oral copulation count was added to the petition by interlineation and did not specify whether the victim was his five-year-old brother or his seven-year-old sister. During the hearing at which appellant entered his admission, the juvenile court indicated that both the brother and sister were the victims of the oral copulation count. We take judicial notice of the reporter's transcript of that hearing, which was not included as part of the record on appeal but which has been submitted by appellant as an exhibit to a companion petition for writ of habeas corpus in *In re J.P.,* A122604. (Evid. Code, §§ 452, subd. (d)(1), 455, 459.)

violation of section 288a, subdivision (b)(1), the same offense admitted by appellant in this case. (*Hofsheier, supra,* 37 Cal.4th at p. 1198.) Under that section, "Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year." (§ 288a, subd. (b)(1).) Under section 290, subdivisions (b) and (c), the sex offender registration statute applicable to adult offenders, any person convicted of violating section 288a, among other specified offenses, must register as a sex offender for the rest of his or her life. The defendant challenged this requirement on appeal, arguing that it denied him equal protection because a person convicted of unlawful sexual intercourse with a minor under section 261.5 under the same circumstances would not be subject to the mandatory registration requirements. (*Hofsheier, supra,* 37 Cal.4th at p. 1198.) The Supreme Court agreed. (*Id.* at pp. 1206–1207.)

 As with any equal protection challenge, the threshold question was whether the state had adopted a classification that affected two or more similarly situated groups differently. (*Hofsheier, supra,* 37 Cal.4th at p. 1200.) The court concluded that the defendant had demonstrated he was similarly situated to another set of offenders who were not subject to a mandatory sex offender registration requirement—those convicted of unlawful intercourse with a minor. (*Id.* at pp. 1199–1200; see § 261.5.)[5] It found no rational basis for the classification requiring lifetime registration for a sex offender convicted of nonforcible oral copulation with a 16-year-old girl but not of a person convicted of the arguably more serious offense of nonforcible sexual intercourse with a girl of the same age. (37 Cal.4th at pp. 1201–1207.) "We perceive no reason why the Legislature would conclude that persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents

---

[5] Section 261.5 defines unlawful sexual intercourse and establishes a gradated scheme of punishment based on the relative ages of the perpetrator and victim: "(a) Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age. [¶] (b) Any person who engages in an act of unlawful sexual intercourse with a minor who is not more than three years older or three years younger than the perpetrator, is guilty of a misdemeanor. [¶] (c) Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison. [¶] (d) Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years."

in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance . . . ." (*Id.* at pp. 1206–1207.)

In *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (*Garcia*), the court extended *Hofsheier* to a registration requirement arising from a conviction of nonforcible oral copulation under a different subdivision of section 288a. In so doing, the court rejected an argument by the People that *Hofsheier*'s equal protection analysis was limited to cases in which the victim was 16 or 17 years old. The 26-year-old defendant had pled guilty to unlawful intercourse with a minor under section 261.5 and to nonforcible oral copulation under section 288a, subdivision (b)(2), which provides, "Except as provided in Section 288, any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age is guilty of a felony." The victim was 14 years old at the time of the offense. (*Garcia*, at p. 478.)

The Court of Appeal agreed with the defendant that equal protection precluded a mandatory registration requirement for a violation of section 288a, subdivision (b)(2). (*Garcia, supra*, 161 Cal.App.4th at p. 482.) " 'If there is no rational reason for this disparate treatment [between oral copulation and sexual intercourse] when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier* applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a.' " (*Ibid.*)

A different conclusion was reached in *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (*Manchel*) (review den. Sept. 24, 2008), a case involving a 15-year-old victim and a 29-year-old defendant, who, like the defendant in *Garcia*, had pled guilty to nonforcible oral copulation with a person under 16 years of age under section 288a, subdivision (b)(2). (*Manchel*, at pp. 1110–1111.) The court reasoned that because the defendant was more than 10 years older than his 14-year-old victim, his conduct also violated section 288, subdivision (c)(1), which punishes lewd or lascivious acts with a minor who is 14 or 15 years old when the defendant is more than 10 years older than the minor.[6]

---

[6] Section 288 provides in relevant part: "(a) Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years. [¶] . . . [¶] (c)(1) Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three

"The instant case . . . squarely presents an issue that does not appear to have been raised before the court in *Garcia, supra*, 161 Cal.App.4th 475: the effect of section 288 on the equal protection analysis. Section 288 concerns lewd or lascivious acts with minors. Both oral copulation and sexual intercourse are lewd or lascivious acts when committed by individuals of the ages and age disparities set forth in section 288. . . . [¶] Persons convicted of violating section 288 are subject to mandatory lifetime registration as sex offenders. [Citation.] This fundamentally alters the equal protection analysis here. *Hofsheier* turned on the disparity in treatment of an adult offender who engaged in different kinds of sexual conduct with a 16-year-old minor—the fact that engaging in voluntary oral copulation landed a person in the category of mandatory registration when having voluntary intercourse with the same victim would not. [Citation.] Hofsheier's victim was 16 years old [citation], so regardless of whether he engaged in oral copulation or sexual intercourse with her, he could not have been prosecuted under section 288. . . . [¶] This core element of the *Hofsheier* equal protection analysis— that if he had gone ahead and had intercourse with the victim he could not have been subjected to mandatory registration, but because he engaged in oral copulation he was—does not hold true for Manchel. Because Manchel's victim was 15 years old and he was at least 10 years older than she was, whether Manchel was subject to mandatory registration did not hinge on the distinction of whether the sexual conduct he engaged in with her was oral copulation or sexual intercourse. Either . . . constituted a lewd and lascivious act under section 288, subdivision (c)(1) and subjected Manchel to mandatory lifetime registration as a sex offender." (*Manchel, supra*, 163 Cal.App.4th at pp. 1113–1114; contrast *People v. Hernandez* (2008) 166 Cal.App.4th 641, 651 [83 Cal.Rptr.3d 29] [analysis in *Manchel* not implicated when victim was 14 years old and defendant was less than 10 years older than she was because § 288 did not apply to his conduct]; see also *People v. Anderson* (2008) 168 Cal.App.4th 135, 143–144 [85 Cal.Rptr.3d 262] [*Hofsheier's* equal protection analysis did not apply to defendant convicted of lewd conduct under § 288, subd. (c)].)

Like the defendant in *Hofsheier*, appellant's offense was nonforcible oral copulation with a person under 18 under section 288a, subdivision (b)(1). Appellant argues that *Hofsheier's* analysis is fully applicable and that the trial court erred when it rejected his equal protection argument. The People respond that *Hofsheier* is distinguishable because unlike the victim in that case (and the victim in *Garcia*, for that matter), appellant's victims were less than 14 years old. They urge us to follow *Manchel*, and to conclude that appellant is not similarly situated to the comparator offenders discussed by

years, or by imprisonment in a county jail for not more than one year. In determining whether the person is at least 10 years older than the child, the difference in age shall be measured from the birth date of the person to the birth date of the child."

the court in *Hofsheier*—defendants convicted of unlawful intercourse with 16 or 17 year olds under section 261.5. According to the People, appellant is more aptly compared with offenders convicted of lewd conduct with a minor under 14 under section 288, subdivision (a), an offense for which sex offender registration is required regardless of the nature of the sexual act. (See § 290.008, subd. (c)(2).)

█ Whatever the underlying facts of appellant's offense, he admitted only one count of oral copulation under section 288a, subdivision (b)(1). We are unconvinced by the People's proposed approach, which would require us to look beyond the statutory elements of the offense he admitted. While the *Hofsheier* decision discussed the factual scenarios that typically underlie the statutes it was considering, its equal protection analysis involved a comparison of "persons *convicted* of oral copulation with minors and persons *convicted* of sexual intercourse with minors." (*Hofsheir, supra,* 37 Cal.4th at p. 1200, italics added.) This approach jibes with the mandatory registration statutes themselves, which are triggered by certain convictions or juvenile adjudications, and not by the underlying conduct of those offenses per se. Section 290, which requires sex offender registration for adult offenders, applies to persons *convicted* of certain offenses (see § 290, subd. (c)), and section 290.008, which sets forth the registration requirements for juvenile offenders, mandates registration for persons discharged from the Department of Corrections and Rehabilitation "after having been *adjudicated* a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission" of specified offenses. (§ 290.008, subd. (a), italics added; see also *In re Bernardino S.* (1992) 4 Cal.App.4th 613, 619–620 [5 Cal.Rptr.2d 746] ["By its plain words, Penal Code section 290 requires registration of juvenile wards only when they are discharged or paroled from the Youth Authority after having been committed for one of the enumerated offenses."].)

█ Whatever the age of the victim, a juvenile adjudicated of committing unlawful intercourse under section 261.5, rather than lewd conduct under section 288, could not be required to register as a sex offender under the mandatory provisions of section 290.008, subdivisions (a), (c). (*In re Derrick B.* (2006) 39 Cal.4th 535, 537 [47 Cal.Rptr.3d 13, 139 P.3d 485] (*Derrick B.*) [juvenile offenders may not be required to register for offense not enumerated in statute].) Having been adjudicated of committing nonforcible oral copulation under section 288a, subdivision (b)(1) with victims who were in fact under 14, appellant is similarly situated to an offender adjudicated of having committed unlawful sexual intercourse under section 261.5 with a minor who was in fact under 14. The latter offender would not be required to register as a sex offender, and it would violate equal protection to require appellant to do so, the only difference being the nature of the sexual act involved. (*Hofsheier, supra,* 37 Cal.4th at pp. 1198–1207.)

Appellant's adjudication of nonforcible oral copulation under section 288a, subdivision (b)(1) cannot be the basis for mandatory sex offender registration. Because discretionary sex offender registration does not apply to juvenile adjudications as it does to offenses committed by adult offenders, the registration requirement in this case must be vacated. (*Derrick B., supra*, 39 Cal.4th at pp. 537–540.)

### III. DISPOSITION

The judgment of the juvenile court (order denying motion to set aside sex offender registration requirement) is reversed. The case is remanded with directions that the court enter a new order relieving appellant from the requirement that he register as a sex offender under sections 290 and 290.008.

Simons, Acting P. J., and Dondero, J.,* concurred.

---

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.