[No. B210413. Second Dist., Div. Two. Aug. 11, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
WILFREDO HERNANDEZ LUANSING, Defendant and Appellant.

---

---

## COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon, James William Bilderback II, Janet Neeley and A. Scott Hayward, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**DOI TODD, J.**—Wilfredo Hernandez Luansing was convicted in 1979 of oral copulation with a person under the age of 16 in violation of Penal Code section 288a, subdivision (b)(2).[1] He appeals from an order denying his motion made pursuant to *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*) to terminate his obligation to register as a sex offender. Appellant contends that he was denied equal protection and due process under the state and federal Constitutions by the denial of his *Hofsheier* motion, and if his due process claim was not preserved for appeal and is meritorious, he suffered ineffective assistance of counsel. Because we conclude that appellant was denied equal protection, we reverse and remand the matter.

### PROCEDURAL AND FACTUAL BACKGROUND

In 1979, appellant, then 30 years of age, gave a ride to a boy who was under the age of 16. Appellant claimed he was told, and believed, that the minor was over 18. In the car, appellant performed oral sex on the minor at the minor's request. Appellant claimed that the boy intimidated him "to a point that I followed everything he told me to do yet I did not do anything to stop the moment for fear he was going to hurt me . . . ."

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

As a result of this incident, appellant was convicted of oral copulation with a person under the age of 16 in violation of section 288a, subdivision (b)(2).[2] He was placed on formal probation for five years, ordered to serve 270 days in the county jail and ordered to register with local police as a sex offender pursuant to former section 290.

In 2006, in *Hofsheier*, the California Supreme Court held that mandatory sex offender registration under former section 290, subdivision (a)(1)(A) (now § 290, subd. (b))[3] violates equal protection as applied to a person convicted under section 288a, subdivision (b)(1) of oral copulation with a 16- or 17-year-old minor because a conviction of unlawful sexual intercourse with a minor of the same age in violation of section 261.5 would not trigger the mandatory registration requirement.[4]

On January 11, 2007, appellant petitioned for and obtained a certificate of rehabilitation and pardon.[5] On or about May 30, 2008, the Attorney General's office sent notice to appellant of the *Hofsheier* decision, informing him that depending upon the circumstances of his case he might be eligible for relief from the registration requirement.

The next month, armed with his certificate of rehabilitation, appellant filed a motion seeking to vacate his sex offender registration obligation pursuant to *Hofsheier* and its progeny, arguing that for the purpose of the registration requirement there is no rational distinction between oral copulation with a person 16 or 17 years old under section 288a, subdivision (b)(1) and oral copulation with a person 14 or 15 years old in violation of section 288a, subdivision (b)(2). The trial court denied the motion, stating that it was compelled to follow *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (*Manchel*), though that decision "really bother[ed] the trial court] a lot."

---

[2] At the time of his conviction, former section 288a, subdivision (b)(2) was substantially the same as the current version of that statute, and provided: "Any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age shall be guilty of a felony."

[3] Effective October 13, 2007, the lengthy sex offender registration statute embodied in section 290 was reorganized and renumbered. Unless otherwise indicated, we refer to the version of the statute in effect in 2008 when appellant made his *Hofsheier* motion.

[4] Section 288a, subdivision (b)(1), as discussed in *Hofsheier*, provided: "Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."

[5] Appellant did not contend in the trial court, and does not contend on appeal, that the certificate of rehabilitation entitled him to relief from sex offender registration under section 290.5.

## DISCUSSION

Appellant contends that the trial court erred in denying his motion to terminate his mandatory sex offender registration. He argues that the holding in *Hofsheier* that mandatory sex offender registration is a denial of equal protection as applied to convictions of section 288a, subdivision (b)(1) is equally applicable to convictions of subdivision (b)(2) because there is no logical difference between orally copulating a 16- or 17-year-old minor and a 14- or 15-year-old minor.[6]

*The* Hofsheier *decision*

Our analytical starting point is *Hofsheier*, in which our Supreme Court held that the mandatory sex offender registration requirement of former section 290, subdivision (a)(1)(A) (current § 290, subd. (c)), as applied to a person convicted of orally copulating a 16 year old (§ 288a, subd. (b)(1)) violated equal protection. (*Hofsheier, supra*, 37 Cal.4th at p. 1207.) There, a 22-year-old man was convicted by plea of violating section 288a, subdivision (b)(1), for participating in voluntary oral copulation with a 16-year-old girl. The defendant was placed on probation, subject to 120 days in county jail and mandatory sex offender registration under former section 290, subdivision (a)(1)(A). That provision required that any person convicted of violating section 288a must register as a sex offender for the rest of his or her life. (*Hofsheier, supra*, at pp. 1192–1194.) The defendant appealed his conviction, contending that he was denied equal protection because a person convicted of unlawful, voluntary sexual intercourse with a minor in violation of section 261.5,[7] under the same circumstances, would not be subject to mandatory

---

[6] Both parties argue the constitutional issue under the current sex offender registration statutes without considering whether those statutes or the different predecessor statutes in 1979 are applicable to appellant's claim. Because the sex offender registration statutes are regulatory and not punitive (*People v. Castellanos* (1999) 21 Cal.4th 785, 792 [88 Cal.Rptr.2d 346, 982 P.2d 211]), civil and not criminal (*Smith v. Doe* (2003) 538 U.S. 84 [155 L.Ed.2d 164, 123 S.Ct. 1140]), and a continuing obligation of a defendant, there are no ex post facto issues presented by subjecting appellant to the changes in the registration requirements that have been made since his conviction. (See *People v. Allen* (1999) 76 Cal.App.4th 999 [90 Cal.Rptr.2d 662] [allowing application of the statute to a defendant who turned 25 before a provision limiting the registration requirement for juvenile offenders to age 25 was repealed and the statute amended to create lifetime obligation].)

[7] Section 261.5, subdivisions (a) through (d) provides: "(a) Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age. [¶] (b) Any person who engages in an act of unlawful sexual intercourse with a minor who is not more than three years older or three years younger than the perpetrator, is guilty of a misdemeanor. [¶] (c) Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall

registration, but only discretionary registration under former section 290, subdivision (a)(2)(E) (current § 290.006).[8] (*Hofsheier, supra,* at p. 1193.) In short, sexual intercourse was not subject to the mandatory registration requirements whereas oral copulation was.

■ Limiting its decision to voluntary acts of oral copulation when the victim is 16 or 17 years old under section 288a, subdivision (b)(1) (*Hofsheier, supra,* 37 Cal.4th at p. 1195), the Court reasoned that, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Hofsheier, supra,* at p. 1199.) " 'The Equal Protection Clause . . . imposes a requirement of some rationality in the nature of the class singled out.' [Citations.]" (*Ibid.*) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citation.]" (*Id.* at pp. 1199–1200.)

■ The *Hofsheier* court concluded that section 288a, subdivision (b)(1) and section 261.5 both concerned sexual conduct with minors and were " 'sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' " (*Hofsheier, supra,* 37 Cal.4th at p. 1200.) The court found no rational basis for a classification which required lifetime registration for a sex offender convicted of voluntary oral copulation with a 16-year-old minor but discretion whether to require registration for a person convicted of voluntary sexual intercourse with a minor of that same age. (*Id.* at pp. 1201–1207.) It concluded that equal protection was violated where the nature of the sexual act alone determined whether the defendant received mandatory sex offender registration or if the trial court had discretion.

---

be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison. [¶] (d) Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years."

[8] Former section 290, subdivision (a)(2)(E), like current section 290.006, gave the trial court discretion to order any person to register as a sex offender for any offense. It stated: "(a)(2) The following persons shall be required to register pursuant to paragraph (1): [¶] . . . [¶] (E) Any person ordered by any court to register pursuant to this section for any offense not included specifically in this section if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

People v. Garcia *and* People v. Hernandez

■ *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (*Garcia*) extended the holding of *Hofsheier* to section 288a, subdivision (b)(2), which penalizes voluntary oral copulation involving a 14- or 15-year-old victim when the perpetrator is more than 21 years of age. The court in *Garcia* concluded that mandatory lifetime registration for violation of section 288a, subdivision (b)(2), like subdivision (b)(1), violates equal protection. In *Garcia*, the 26-year-old defendant pled guilty in 1985 to voluntary oral copulation with a person 14 years of age (§ 288a, subd. (b)(2)) and unlawful voluntary sexual intercourse with a female not his wife under 18 years of age (former § 261.5).[9] The defendant was placed on five years probation and was subject to mandatory sex offender registration. After *Hofsheier* was decided, the defendant moved for resentencing or, alternatively, for a hearing pursuant to *Hofsheier* to determine whether mandatory lifetime registration as a sex offender was appropriate. (*Garcia, supra,* at pp. 478–479.) The trial court denied the motion, concluding that under *Hofsheier* it had discretion to relieve defendant of mandatory registration, but that it was going to " 'exercise its discretion and order that the defendant continue his registration.' " (*Garcia, supra,* at pp. 479–480.) But in exercising that discretion the trial court limited the evidence it would consider to that existing at the time of the crime. (*Id.* at p. 483.)

Division One of this district concluded that " '[i]f there is no rational reason for this disparate treatment [between oral copulation and sexual intercourse] when the victim is 16 years old [as concluded by *Hofsheier*], there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier* applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a,' " and former section 290, subdivision (a)(1)(A) cannot be constitutionally applied to convictions of section 288a, subdivision (b)(2). (*Garcia, supra,* 161 Cal.App.4th at p. 482.) The case was remanded for the trial court to consider evidence of the defendant's good behavior and rehabilitation since the time of sentencing, which the trial court had not considered in the earlier hearing.

In *People v. Hernandez* (2008) 166 Cal.App.4th 641 [83 Cal.Rptr.3d 29] (*Hernandez*), we were presented with the same issue presented in *Garcia* and here: whether *Hofsheier* applies to one convicted of section 288a, subdivision (b)(2). In *Hernandez*, the 22-year-old defendant was convicted of oral copulation with a 14 year old under section 288a, subdivision (b)(2). The defendant was placed on five years probation, ordered to serve 270 days in

---

[9] In 1985, at the time of Garcia's conviction, section 261.5 provided: "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, where the female is under the age of 18 years."

county jail and to register as a sex offender pursuant to former section 290, subdivision (a)(1)(A). We agreed with *Garcia*'s analysis and extension of *Hofsheier* to section 288a, subdivision (b)(2), and concluded that subjecting the defendant to mandatory sex offender registration violated equal protection. (*Hernandez, supra,* 166 Cal.App.4th at p. 650.)

*The* Manchel *decision*

After *Garcia* but before *Hernandez,* Division Seven of this district rendered its decision in *Manchel,* distinguishing *Garcia* and *Hofsheier* and "declin[ing] to extend *Hofsheier's* analysis to apply to those convicted of violating section 288a, subdivision (b)(2)." (*Manchel, supra,* 163 Cal.App.4th at p. 1111.) In *Manchel,* the 29-year-old defendant pled no contest to violating section 288a, subdivision (b)(2), committing oral copulation with a 15-year-old girl. The defendant was granted probation and ordered to register as a sex offender. (*Manchel, supra,* at p. 1110.) The *Manchel* court reasoned that because the defendant was more than 10 years older than his 15-year-old victim, his actions also constituted lewd conduct under section 288, subdivision (c)(1). (*Manchel, supra,* at p. 1114.)[10] That section subjects a defendant to mandatory sex offender registration for lewd acts, including both oral copulation and sexual intercourse, rendering the equal protection analysis of *Hofsheier* "fundamentally alter[ed]." (*Manchel, supra,* at p. 1114.)

The court in *Manchel* reasoned that in *Hofsheier* the analysis "turned on the disparity in treatment of an adult offender who engaged in different kinds of sexual conduct with a 16-year-old minor—the fact that engaging in voluntary oral copulation landed a person in the category of mandatory registration when having voluntary sexual intercourse with the same victim would not." (*Manchel, supra,* 163 Cal.App.4th at p. 1114.) "[T]he only matter that determined whether [the defendant] was subject to mandatory registration for his voluntary sexual conduct with that 16-year-old minor was whether the sexual offense was oral copulation or intercourse." (*Ibid.*) The court went on to find that "[t]his core element" of *Hofsheier* is missing when section 288

---

[10] Section 288, subdivisions (a) and (c)(1) state in pertinent part: "(a) Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years . . . . [¶] . . . [¶] (c)(1) Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year. In determining whether the person is at least 10 years older than the child, the difference in age shall be measured from the birth date of the person to the birth date of the child."

applies. (*Manchel, supra*, at p. 1114.) The defendant in *Manchel* fell "within statutes that provide for mandatory registration regardless of whether he engaged in intercourse or oral copulation, [and he] cannot establish that he is similarly situated to another group of offenders who are not subject to mandatory sex offender registration." (*Id.* at p. 1115.) The "nature of the sexual act was not determinative of whether [the defendant in] *Manchel* was subject to mandatory registration: whether sexual intercourse or oral copulation took place, his conduct subjected him to mandatory registration under [section 288 of] the Penal Code." (*Id.* at p. 1114.)

Because the facts of *Garcia* came within the *Manchel* analysis,[11] the court in *Manchel* distinguished *Garcia*, stating that the issue of the effect of section 288 on *Hofsheier*'s equal protection analysis was not raised in that case.

In *Hernandez*, we stated that "[w]e need not decide whether or not we agree with *Manchel*'s analysis, because, as in *Hofsheier*, appellant's offense here does not fall within section 288, as his victim was 14 years old, therefore not within section 288, subdivision (a), and he was not more than 10 years older than her, therefore not within section 288, subdivision (c)(1). Consequently, the only factor that determined that he was subject to mandatory registration was that his offense was oral copulation and not sexual intercourse." (*Hernandez, supra*, 166 Cal.App.4th at p. 651.)

The facts presented in this case, unlike those in *Hernandez*, fall squarely within the rationale of *Manchel*, requiring that we decide whether we agree with its analysis. As in *Manchel*, appellant was more than 10 years older than his victim who was under 16, thereby coming within the proscription of section 288, subdivision (c)(1).[12]

■ We agree with the subsequent appellate decisions criticizing *Manchel*'s analysis. (See *People v. Ranscht* (2009) 173 Cal.App.4th 1369 [93 Cal.Rptr.3d 800] (*Ranscht*); *In re J.P.* (2009) 170 Cal.App.4th 1292 [89 Cal.Rptr.3d 17] (*J.P.*).) A prerequisite to finding an equal protection violation " 'is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " (*Hofsheier, supra*, 37 Cal.4th at p. 1199.) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly

---

[11] The defendant in *Garcia* was involved in oral copulation with a 14-year-old girl when he was more than 10 years older. Hence, under the *Manchel* analysis, the *Garcia* defendant could also have been subject to mandatory sex offender registration for either oral copulation or intercourse under section 288, subdivision (c)(1).

[12] We note that in 1979 when appellant was convicted, his conduct did not come within section 288 because, at that time, that section punished only lewd conduct with minors under the age of 14.

situated for purposes of the law challenged." ' " (*Id.* at pp. 1199–1200.) The law challenged here is mandatory sex offender registration under section 290 et seq. as applied to section 288a, subdivision (b)(2). The registration law provides that the class of persons who must register is not persons who engage in oral copulation under section 288a, but those "convicted" of that offense. The similarly situated classes of persons compared under the *Hofsheier* analysis are persons *convicted* of section 288a, subdivision (b)(2) and persons *convicted* of section 261.5, subdivision (c), *for purposes of the registration requirements.*

■ As stated above, *Manchel* focused on whether the defendant's conviction under section 288a, subdivision (b)(2) could have also supported a conviction for lewd conduct with a 14- or 15-year-old child by a person more than 10 years older under section 288 subdivision (c)(1) because the defendant could have been convicted of that offense if he had committed unlawful sexual intercourse or oral copulation. But the defendant in *Manchel* had not been convicted under section 288, subdivision (c)(1). As succinctly stated by the court in *Ranscht*: "Ultimately, the *Manchel* court's logic eludes us. It would have us completely ignore the crime of which a defendant is convicted and look instead to all of the crimes of which a defendant *could have* been convicted based on his conduct. This holding overlooks *Hofsheier*'s plain language, which focused on 'persons who are *convicted* of voluntary oral copulation . . . , as opposed to those who are *convicted* of voluntary intercourse with adolescents in [the] same age group.' [Citation.] [¶] Consistent with *Hofsheier*, we think the more appropriate course is to focus on the offense of which the defendant was *convicted*, as opposed to a hypothetical offense of which the defendant *could have* been convicted based on the conduct underlying the charge. 'This approach jibes with the mandatory registration statutes themselves, which are triggered by certain convictions . . . , and not by the underlying conduct of those offenses per se.' [Citations.]" (*Ranscht, supra*, 173 Cal.App.4th at pp. 1374–1375; see also *J.P., supra*, 170 Cal.App.4th at p. 1299.)

For these reasons, we reject the reasoning of *Manchel* and conclude that subjecting appellant to mandatory sex offender registration violated his equal protection rights. This matter must be remanded to the trial court to conduct a new hearing to determine whether to terminate appellant's obligation to register as a sex offender.[13]

---

[13] Because we conclude that subjecting appellant to mandatory sex offender registration violates equal protection, we need not consider his contentions that the trial court's denial of his *Hofsheier* motion denied him due process and that he suffered ineffective assistance of counsel.

## DISPOSITION

The order denying appellant's motion to terminate his mandatory obligation to register as a sex offender pursuant to subdivision (b) of section 290 is reversed. On remand, the trial court is directed to consider whether appellant is subject to discretionary registration pursuant to section 290.006, and, if so, to exercise that discretion in deciding whether to require his continued sex offender registration.

Boren, P. J., and Chavez, J., concurred.