[No. H031106. Sixth Dist. Oct. 15, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
DALE THOMAS ANDERSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1105(c)(2), the opinion in the above-entitled matter is certified for publication with the exception of Factual Background, part I (Prosecution Evidence) and part II (Defense Witnesses), and Discussion, part I (Issues on Appeal) and part II (Claim of Prosecutorial Error).

**COUNSEL**

Law Offices of J. Courtney Shevelson and J. Courtney Shevelson for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DUFFY, J.**—Defendant Dale Thomas Anderson was convicted following a jury trial of one count of committing a lewd or lascivious act on a child of 14 or 15 years by a person at least 10 years older than that child (Pen. Code, § 288, subd. (c)(1); hereafter section 288(c)(1)),[1] and one count of misdemeanor battery (§§ 242, 243, subd. (a)). The sex and battery crimes involved the babysitter of defendant's minor children. The court suspended imposition of

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

sentence and placed defendant on probation with the condition that he serve six months in county jail. The court also ordered defendant to register as a sex offender pursuant to section 290.

Defendant contends that as a result of a misstatement of the law by the prosecution in an argument concerning the element of intent required for the commission of a lewd act and the court's failure to give a curative instruction, he was deprived of due process. He contends further that he was denied equal protection by being subjected to mandatory registration as a sex offender under section 290.

We conclude that error was committed at the beginning of opening argument when the prosecutor misstated the law concerning the element of intent for the charged crimes. We find, however, that the prosecutorial error does not warrant reversal of the judgment. We further reject defendant's constitutional challenge to the requirement that he register as a sex offender. We therefore affirm the judgment.[2]

## FACTUAL BACKGROUND[3]

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## PROCEDURAL BACKGROUND

Defendant was charged by information filed April 21, 2006, with two felony sex offenses, namely the commission of lewd or lascivious acts on a child of 14 or 15 years in violation of section 288(c)(1). It was alleged that the two offenses occurred between July 1, 2004, and July 1, 2005.

---

[2] In his separate petition for writ of habeas corpus that we ordered to be considered with this appeal (*In re Anderson* (Oct. 15, 2008, H032829)), defendant raises factual material outside of the record at trial. He argues in the petition that the charges against him should be dismissed, or, alternatively, a new trial should be granted on the basis that the prosecutor, Stephen Moore, was suspended from the practice of law by the State of California due to his failure to pay bar dues, and that this suspension was in effect throughout the trial and through the time judgment was entered. We reject that separate challenge to the conviction. Accordingly, by separate order of this date, we deny the petition for writ of habeas corpus.

[3] We resolve factual conflicts in support of the verdict. (*People v. Holt* (1997) 15 Cal.4th 619, 667–668 [63 Cal.Rptr.2d 782, 937 P.2d 213].)

*See footnote, *ante*, page 135.

On September 29, 2006, the jury convicted defendant on count 1, acquitted defendant on count 2, but found him guilty on the lesser included offense of misdemeanor battery (§§ 242, 243, subd. (a)). The court thereafter denied defendant's motion to reduce the count 1 conviction to a misdemeanor. It suspended imposition of sentence and ordered that defendant be placed on three-year probation on the condition that he serve six months in the county jail. He was also ordered to pay restitution to the victim and to register as a sex offender under section 290. Defendant filed a timely notice of appeal.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Mandatory Registration As a Sex Offender*

As a consequence of his conviction of violating section 288(c)(1), defendant was ordered by the court to register as a sex offender pursuant to former section 290, which required that anyone convicted of certain sex offenses, including violations of section 288, register for life as a sex offender.[15] Relying on *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), defendant contends that this was error. We conclude that defendant's suggestion that the holding of *Hofsheier* should be extended to the circumstances presented here is unwarranted; we therefore reject his claim of error.

■ In *Hofsheier*, the defendant pleaded guilty to a violation of section 288a, subdivision (b)(1). (*Hofsheier, supra*, 37 Cal.4th at p. 1192.)[16] The conduct underlying the conviction consisted of the defendant, a 22-year-old man, engaging in voluntary oral copulation with a 16-year-old girl. (*Hofsheier,*

---

*See footnote, *ante,* page 135.

[15] At the time defendant was sentenced, section 290, subdivision (a)(1)(A) provided: "Every person described in paragraph (2), for the rest of his or her life while residing in California . . . , shall be required to register . . . ." (Stats. 2006, ch. 337, § 11.) Paragraph (2) listed 37 Penal Code sections and subdivisions, including section 288, the conviction of which offenses required sex offender registration. (See Stats. 2006, ch. 337, § 11.) Under the current version of the statute, a conviction under section 288 requires sex offender registration. (§ 290, subd. (c).)

[16] "Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year." (§ 288a, subd. (b)(1).)

*supra*, at pp. 1192, 1193.) The Supreme Court contrasted the consequences of a conviction for a violation of section 288a, subdivision (b)(1), under which sex offender registration was mandatory, with those of a conviction of unlawful sexual intercourse with a minor under 18 in violation of section 261.5. (*Hofsheier, supra*, at pp. 1194–1196.) It noted that while registration under section 290 was not considered a form of punishment, "it imposes a 'substantial' and 'onerous' burden [citations]." (*Hofsheier, supra*, at p. 1197.) In addressing the defendant's equal protection challenge to mandatory registration, the court first determined whether the two groups—i.e., persons convicted of voluntary oral copulation with a minor (§ 288a) and those convicted of voluntary sexual intercourse with a minor (§ 261.5)—were similarly situated for purposes of the statute being challenged, concluding that they were. (*Hofsheier, supra*, at pp. 1199–1200.) Second, after noting that the defendant bore the burden of establishing that there was no rational basis for the distinction between the two groups insofar as sex offender registration was concerned (*id.* at p. 1201), the court held "that the statutory distinction in section 290 requiring mandatory lifetime registration of all persons who, like [the] defendant here, were convicted of voluntary oral copulation with a minor of the age of 16 or 17, but not of someone convicted of voluntary sexual intercourse with a minor of the same age, violates the equal protection clauses of the federal and state Constitutions" (*id.* at p. 1207, fn. omitted). It therefore held that mandatory registration for a violation of section 288a, subdivision (b)(1) violated the constitutional guarantee of equal protection. (*Hofsheier, supra*, at pp. 1192–1193, 1207.) The court directed that the case be remanded to allow the trial court to determine whether to exercise its discretion to order registration under section 290, former subdivision (a)(2)(E). (*Hofsheier, supra*, at pp. 1208–1209.)

The holding in *Hofsheier* does not mandate a similar conclusion here. First, the Supreme Court's holding was limited to mandatory sex offender registration for violating section 288a, subdivision (b)(1). The high court made it clear repeatedly in its opinion that its analysis was limited to an equal protection challenge involving mandatory registration for one convicted of voluntary oral copulation with a minor 16 or 17 years old (§ 288a, subd. (b)(1)), as compared with discretionary registration for one convicted of voluntary sexual intercourse with a 16- or 17-year-old minor (§ 261.5). (See, e.g., *Hofsheier, supra*, 37 Cal.4th at pp. 1192, 1194, 1195, 1196, 1197, 1198, 1200, 1201, 1204, 1205, 1206, 1207.)

██  Second, the high court made it plain that its equal protection analysis was concerned with circumstances in which the act (i.e., oral copulation with a minor, prohibited by section 288a, subdivision (b)(1)) is both voluntary and the

victim is 16 or 17 years old. As the court explained: "In its present form, section 288a provides a graduated scale of punishment depending on the age of the parties and the presence or absence of force or other coercion. . . . Although section 288a[, subdivision] (b)(1) applies to all acts of oral copulation with a person under the age of 18, other provisions provide for greater punishment for involuntary acts and acts involving younger victims. Thus, section 288a, subdivision (b)(2), provides that a person over 21 years of age who engages in oral copulation with someone younger than 16 years of age is guilty of a felony, and subdivision (c)(1) provides for still greater punishment—three to eight years' imprisonment—for anyone who engages in oral copulation with someone under the age of 14 who is more than 10 years younger than the defendant. Other subdivisions specify imprisonment of three to eight years for forcible or involuntary oral copulation. (§ 288a, subds. (c)(2), (3), (f).) And section 288 provides that any lewd or lascivious act (including oral copulation) with a child under the age of 14 is a felony punishable by three to eight years' imprisonment. Consequently, section 288a[, subdivision] (b)(1) functions as the primary offense (as opposed to being a lesser included offense) in only two instances: (1) when, as here, the act of oral copulation is voluntary and the victim is 16 or 17 years old; and (2) when the act is voluntary, the victim is 14 or 15 years old, and the perpetrator is not over 21 years old. *We are concerned here with the validity of the mandatory registration requirement for the first category—voluntary acts of oral copulation when the victim is 16 or 17 years of age.*" (*Hofsheier, supra*, 37 Cal.4th at pp. 1194–1195, italics added.)

■ In this instance, we are dealing with mandatory registration based on a conviction under section 288(c)(1), i.e., committing a lewd act on a child who is 14 or 15 years old where the perpetrator is at least 10 years older than that child. Not only does that particular provision contain specific protection for minors of an age group younger than the victim involved in *Hofsheier*, it also (unlike § 288a) contains a specific intent requirement. And, unlike *Hofsheier*, there is no relevant similarly situated group for which mandatory registration is not required that may serve as the basis for an equal protection challenge here. An adult who is at least 10 years older than the victim who commits a sex offense of oral copulation on a 14- or 15-year-old minor victim may be charged with a violation of section 288(c)(1), just as defendant was charged in this case. Defendant's group, contrary to his argument here, is not similarly situated with those convicted of voluntary oral copulation of a 16- or 17-year-old victim in violation of section 288a, subdivision (b)(1). Defendant's equal protection challenge thus fails because he cannot establish that he, by virtue of his section 288(c)(1) conviction and the mandatory registration

resulting therefrom, is subjected to unequal treatment because there is a similarly situated group for which no such mandatory registration is a consequence of the sex offense conviction.

■ This conclusion is supported further by the *Hofsheier* court's discussion of *People v. Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411] (*Mills*), an earlier appellate decision that rejected a convicted sex offender's equal protection challenge. In *Mills*, the defendant, convicted of committing a lewd act on a child under the age of 14 in violation of former section 288, argued unsuccessfully that mandatory sex offender registration for that offense was unconstitutional because convictions of certain types of sex offenses were subject to sex offender registration while others were not. (*Mills, supra,* at pp. 180–181.) As explained by the *Hofsheier* court, "The Court of Appeal held that the Legislature could reasonably require all persons convicted of sexual offenses involving victims under the age of 14 to register without requiring all sex offenders to register. We agree with the Court of Appeal in *Mills* that the defendant there failed to show a denial of equal protection as to adults convicted of lewd acts with minors less than 14 years of age because all adults convicted of crimes requiring sexual acts with minors of that age were required to register. (See §§ 288, 288a, subd. (c), 290, [former] subd. (a)(2).) But *Mills* does not affect the decision in this case, for, in contrast to *Mills*, defendant here can point to similarly situated persons, those convicted of voluntary sexual intercourse with minors 16 to 17 years old, who are not required to register." (*Hofsheier, supra,* 37 Cal.4th at p. 1202.) By parity of reasoning, the Legislature could reasonably conclude that persons convicted of sex offenses against minors over 14 and less than 16 years of age should be subjected to mandatory registration, while other persons (such as those discussed in *Hofsheier*) convicted of sex offenses involving minors who are older (i.e., 16 or 17) should not have registration be a necessary consequence of their conviction.

Moreover, our rejection of defendant's equal protection challenge here is bolstered by a recent decision of the Second District Court of Appeal, Division Seven. In *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (*Manchel*), the defendant, citing *Hofsheier*, challenged the sex offender registration requirement that arose out of his conviction of oral copulation of a 15-year-old girl in violation of section 288a, subdivision (b)(2). (*Manchel, supra,* at p. 1110.) His conviction arose out of a plea bargain; he was initially charged, inter alia, with committing a lewd act on a 14- or 15-year-old minor more than 10 years younger than he in violation of

section 288(c)(1), the crime defendant was convicted of here. (*Manchel, supra*, at pp. 1110–1111.) The court in *Manchel* rejected the defendant's equal protection challenge, declining the invitation to extend *Hofsheier*.

■ The court distinguished the case from *Hofsheier* on the bases that the defendant's victim was 15 (not 16, as in *Hofsheier*), and the defendant was convicted under section 288a, subdivision (b)(2) (rather than under § 288a, subd. (b)(1)). (*Manchel, supra*, 163 Cal.App.4th at p. 1112.) The application of section 288 impacted the *Manchel* court's equal protection analysis: "Both oral copulation and sexual intercourse are lewd or lascivious acts when committed by individuals of the ages and age disparities set forth in section 288. [Citations.] . . . If the child is 14 or 15 years, section 288 comes into play only if the perpetrator is at least 10 years older than the victim. In that event, section 288[(c)(1)] applies . . . . By the statute's terms, if the child is older than 15, or if the child is 14 or 15 and the perpetrator is not at least 10 years older, then the perpetrator cannot be prosecuted under section 288." (*Manchel, supra*, at p. 1113.)

The *Manchel* court concluded that the fact that all offenders convicted under section 288 were subjected to mandatory registration "fundamentally alters the equal protection analysis here." (*Manchel, supra*, 163 Cal.App.4th at p. 1114.) It held therefore that the reasoning of *Hofsheier* could not be employed to support the defendant's constitutional challenge to the registration requirement: "This core element of the *Hofsheier* equal protection analysis—that if he had gone ahead and had intercourse with the victim he could not have been subjected to mandatory registration, but because he engaged in oral copulation he was—does not hold true for Manchel. Because Manchel's victim was 15 years old and he was at least 10 years older than she was, whether Manchel was subject to mandatory registration did not hinge on the distinction of whether the sexual conduct he engaged in with her was oral copulation or sexual intercourse. Either act constituted a lewd and lascivious act under section 288[(c)(1)] and subjected Manchel to mandatory lifetime registration as a sex offender. (§§ 288[(c)(1)], 290, subd. (c).) In other words, in contrast to *Hofsheier, supra*, 37 Cal.4th 1185, here the nature of the sexual act was not determinative of whether Manchel was subject to mandatory registration: whether sexual intercourse or oral copulation took place, his conduct subjected him to mandatory registration under the Penal Code." (*Manchel, supra*, at p. 1114.)

■ Based upon the foregoing, we conclude that the reasoning of the Supreme Court in *Hofsheier* is inapposite here. Accordingly, we reject defendant's claim that mandatory registration as a consequence of his conviction under section 288(c)(1) is unconstitutional.

## DISPOSITION

The judgment is affirmed.

Mihara, Acting P. J., and McAdams, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 11, 2009, S168550. Werdegar, J., did not participate therein.