182 Cal.App.4th 161 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
MICHAEL S. TARAVELLA, Defendant and Appellant.
No. H033992.
Court of Appeals of California, Sixth District.
February 23, 2010.
*163 John F. Schuck for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Arthur P. Beever, Deputy Attorneys General, for Plaintiff and Respondent.

*164 OPINION
MIHARA, Acting P. J.
Petitioner Michael S. Taravella sought an order from the trial court terminating his obligationbased on his 1987 conviction for violating Penal Code section 288a, subdivision (b)(2)[1]to register as a sex offender under section 290. The trial court denied his "motion to vacate," and he challenges that decision. Relying on People v. Hofsheier (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (Hofsheier), Taravella contends the registration requirement violates his right to equal protection by treating two groups of similarly situated offenders differently, mandating registration by one but not the other without any rational basis. We agree. We reverse the trial court's order and remand with directions to enter judgment declaring that Taravella cannot constitutionally be subjected to section 290's mandatory registration requirement based on his conviction for violating section 288a, subdivision (b)(2).

I. Factual and Procedural Background
Taravella pleaded no contest in 1987 to oral copulation by a person over the age of 21 with a person under 16 years of age. (§ 288a, subd. (b)(2)).[2] He served a prison sentence and has been obligated, since his release, to comply with the mandatory registration provisions of section 290.[3]
In 2008, Taravella received a letter from the Department of Justice informing him that Hofsheier "could have an impact" on his obligation to register. Stating that "it is your responsibility to obtain a court order to end your registration duty," the letter suggested that Taravella "gather all relevant documents supporting your application to the court for relief, decide whether to retain legal counsel or, if you are indigent, contact a public defender's office, and obtain the necessary court order instructing the Department of Justice to terminate your registration duty."
Taravella filed a "Motion to Vacate Penal Code Section 290 Mandatory Registration Requirement" in the trial court. In that motion, he argued that "two groups of offendersboth of whom committed voluntary sex crimes against the same group (14- or 15-year-olds)are being treated differently, based solely on whether they committed voluntary oral copulation or . . . voluntary sexual intercourse." (Italics omitted.) Taravella contended that *165 subjecting the former but not the latter group to mandatory registration lacked a rational basis and thus denied him equal protection.
The parties acknowledged a split in appellate authority interpreting Hofsheier. The district attorney argued that People v. Manchel (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (Manchel) governed. Taravella contended that the Manchel court's analysis was flawed, that the case was wrongly decided, and that People v. Garcia (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (Garcia), a case "on all fours" with his, was controlling. The trial court agreed with the district attorney: "I believe Manchel was properly decided, and the motion to vacate the registration requirement is denied." Taravella filed a timely notice of appeal from the trial court's minute order.

II. Discussion

A. Procedure for Raising Hofsheier Challenge
We begin with a procedural issue: whether a Hofsheier challenge may be raised, as it was below, by postjudgment motion. As Taravella acknowledges, in Lewis v. Superior Court (2008) 169 Cal.App.4th 70 [86 Cal.Rptr.3d 565] (Lewis), this court answered that question in the negative and elected to treat the defendant's "motion" as a mandate petition. (Lewis, at pp. 76-77.) As Taravella also points out, however, several courts have addressed postjudgment Hofsheier motions without questioning their procedural propriety. (E.g., People v. Luansing (2009) 176 Cal.App.4th 676, 679 [97 Cal.Rptr.3d 836] (Luansing); Garcia, supra, 161 Cal.App.4th at pp. 479-480.) With the issue unsettled, he asks that we treat the instant appeal as a mandate petition, as this court did in Lewis, if we remain of the opinion that a motion will not lie.[4]
Because the judgment in this case became final over 20 years ago, we remain of the opinion that a motion will not lie. (People v. Ainsworth (1990) 217 Cal.App.3d 247, 251-252 [266 Cal.Rptr. 175] [a motion is ancillary to an ongoing action or proceeding; "[u]pon issuance of the remittitur, the trial court's jurisdiction with regard to the `remitted action' is limited solely to the making of orders necessary to carry the judgment into effect"].) Instead of treating Taravella's "motion to vacate" as a petition for a writ of mandate in the trial court or in this court, we view his motion as more akin to an action seeking a declaratory judgment that, because the registration requirement violates his constitutional right to equal protection, he cannot be required to *166 comply with it. (Abbott v. City of Los Angeles (1960) 53 Cal.2d 674, 678, fn. 2 [3 Cal.Rptr. 158, 349 P.2d 974] [action for declaratory relief is an available vehicle for testing validity of criminal registration ordinance], criticized on another point in Bishop v. City of San Jose (1969) 1 Cal.3d 56, 62, fn. 5 [81 Cal.Rptr. 465, 460 P.2d 137].) We requested supplemental briefing on this procedural issue as follows: "Question #1: Assuming that defendant's motion was not the appropriate procedural vehicle for raising the Hofsheier issue in the superior court, does the Attorney General concede that we may reach the merits of defendant's appeal and direct the trial court to grant defendant the appropriate relief, such as a declaratory judgment, if defendant established his entitlement to such relief in the proceedings on his motion?" The Attorney General has conceded "that this Court may reach the merits of [defendant's] appeal and may direct the trial court to grant [defendant] the appropriate relief, if this Court concludes that he has established his entitlement to such relief."
(1) In light of the Attorney General's concession, we will treat defendant's "motion" in the trial court as an action for declaratory relief against the Department of Justice.[5] "Declaratory relief is available where an actual controversy exists . . . and is commonly used to resolve constitutional issues arising from the application of statutes . . . ." (Minor, supra, 219 Cal.App.3d at p. 1547 [where forfeiture notice constitutionally defective, action seeking return of bail funds construed as action for declaratory relief].) A complaint that alleges "a genuine controversy involving the construction of particular legislation as to which it seeks a judicial determination" sufficiently states a claim for declaratory relief. (Zeitlin v. Arnebergh (1963) 59 Cal.2d 901, 905 [31 Cal.Rptr. 800, 383 P.2d 152] [bookseller and prospective reader properly presented issue of obscenity legislation's application to sale of book].) Here, Taravella's "motion" showed the existence of an actual controversy involving the constitutional applicability, to him, of section 290's mandatory registration requirement based on his conviction for violating section 288a, subdivision (b)(2). The People vigorously disputed that the requirement violated Taravella's constitutional rights in the trial court, and on appeal (unlike in Lewis), the Department of Justice did not concede the constitutional issue.
(2) Taravella's "motion" also established by sworn declaration that "[o]ther than the conviction in this case (no. 133899) I have no other convictions which require me to register pursuant to . . . section 290 et seq.," and it asked the trial court to "strike or vacate" the registration requirement if the court determined that continuing to subject him to registration violated his right to equal protection. Taravella's "motion" thus met the requirements of *167 the declaratory judgment statute. (Code Civ. Proc., § 1060.) That he styled his request for relief as a motion rather than as a complaint for a declaratory judgment does not preclude us from granting the relief he seeks. (See Escamilla v. Department of Corrections & Rehabilitation (2006) 141 Cal.App.4th 498, 511 [46 Cal.Rptr. 3d 408] ["The label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading."].) We proceed to the merits of Taravella's appeal.

B. The Merits
(3) Taravella contends that subjecting him to section 290's mandatory registration requirement violates his right to equal protection. We agree. The federal and state Constitutions guarantee all persons equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) "`"`The concept. . . compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'"' [Citation.] It is often stated that `[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' [Citation.] The use of the term `similarly situated' in this context refers only to the fact that `"[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." . . .' [Citation.] There is always some difference between the two groups which a law treats in an unequal manner since an equal protection claim necessarily asserts that the law in some way distinguishes between the two groups. (4) Thus, an equal protection claim cannot be resolved by simply observing that the members of group A have distinguishing characteristic X while the members of group B lack this characteristic. The `similarly situated' prerequisite simply means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified." (People v. Nguyen (1997) 54 Cal.App.4th 705, 714 [63 Cal.Rptr.2d 173] (Nguyen).) What standard of analysis applies turns on the nature of the interest affected by the challenged distinction. (Nguyen, at p. 715.) (5) Equal protection challenges to section 290's mandatory registration requirement are analyzed under the rational basis test. (Hofsheier, supra, 37 Cal.4th at p. 1200.)
The parties acknowledge a split in appellate authority interpreting Hofsheier. Taravella relies on Garcia, while the Attorney General founds his argument on Manchel.
*168 (6) In Hofsheier, the California Supreme Court considered whether a mandatory registration requirement for an adult convicted of nonforcible oral copulation with a minor 16 years of age or older, but not for an adult convicted of nonforcible sexual intercourse with a minor of the same age, violated the equal protection clause. (Hofsheier, supra, 37 Cal.4th at p. 1192.) The court held that the two classes of offenders were similarly situated because "section 288a(b)(1) and section 261.5 both concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors `are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.'" (Hofsheier, at p. 1200, quoting Nguyen, supra, 54 Cal.App.4th at p. 715.)
(7) Looking for a rational connection between the classification and the statutory purpose of section 290"`"`to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]'"' [Citations.]"the Hofsheier court found none. (Hofsheier, supra, 37 Cal.4th at p. 1196.) As the court explained, "[r]equiring all persons convicted of voluntary oral copulation with minors 16 to 17 years of age to register for life as sex offenders, while leaving registration to the discretion of the trial court for those convicted of sexual intercourse with minors of the same ages, cannot be justified by the speculative possibility that members of the former group are more likely to reoffend than those in the latter group. To sustain the distinction, there must be some plausible reason, based on reasonably conceivable facts, why judicial discretion is a sufficient safeguard to protect against repeat offenders who engage in sexual intercourse, but not with offenders who engage in oral copulation. [Citation.]" (Hofsheier, at pp. 1203-1204, fn. omitted.) "We perceive no reason why the Legislature would conclude that persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of `particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders." (Hofsheier, at pp. 1206-1207.) Holding that the distinction violated the equal protection clauses of the federal and state Constitutions, the Hofsheier court eliminated section 290's mandatory registration requirement for those convicted under section 288a, subdivision (b)(1). (Hofsheier, at pp. 1207-1208.)
In Garcia, Division One of the Second District Court of Appeal extended Hofsheier's holding to offenders who, like Taravella, were convicted under section 288a, subdivision (b)(2) of nonforcible oral copulation by a person over the age of 21 with a person under 16 years of age. (Garcia, supra, 161 Cal.App.4th at p. 482.) Rejecting the Attorney General's argument that the *169 Hofsheier court carefully limited its decision to the specific crime there at issueoral copulation between an adult offender and a 16- or 17-year-old victimthe Garcia court declared that "[w]hile Hofsheier may have been decided on narrow grounds, the principles on which the decision rests have broader application." (Ibid.) The Garcia court noted that section 290 has never imposed a mandatory registration requirement on those convicted of the arguably more serious offense of nonforcible sexual intercourse with a 14 year old. (Garcia, at p. 482.) It concluded that "[i]f there is no rational reason for this disparate treatment when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, Hofsheier applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a." (Ibid.)
In Manchel, Division Seven of the Second District Court of Appeal reached the opposite result. The court declined to extend Hofsheier's analysis to those convicted under section 288a, subdivision (b)(2), concluding instead that "no equal protection violation results from the mandatory registration requirement here." (Manchel, supra, 163 Cal.App.4th at p. 1111.) The 29-year-old defendant in Manchel was charged with lewd conduct on a child (§ 288, subd. (c)(1)), oral copulation with a person under 16 years of age by a person over the age of 21 (§ 288a, subd. (b)(2)), unlawful sexual intercourse with a minor under the age of 16 (§ 261.5, subd. (d)), and contributing to the delinquency of a minor (§ 272). (Manchel, at p. 1110.) He pleaded no contest to the oral copulation count and the remaining counts were dismissed. (Ibid.)
In rejecting Manchel's Hofsheier challenge, the court reasoned that because Manchel was more than 10 years older than his 15-year-old victim, his conduct brought section 288 into play, even though Manchel had not been convicted of a section 288 offense. That he could have been, the Manchel court declared, "fundamentally alters the equal protection analysis . . . ." (Manchel, supra, 163 Cal.App.4th at p. 1114.) The court distinguished Hofsheier on that basis, reasoning that that decision "turned on the disparity in treatment of an adult offender who engaged in different kinds of sexual conduct with a 16-year-old minorthe fact that engaging in voluntary oral copulation landed a person in the category of mandatory registration when having voluntary sexual intercourse with the same victim would not. [Citation.] Hofsheier's victim was 16 years old [citation], so regardless of whether he engaged in oral copulation or sexual intercourse with her, he could not have been prosecuted under section 288. Therefore, the only matter that determined whether he was subject to mandatory registration for his voluntary sexual conduct with that 16-year-old minor was whether the sexual offense was oral copulation or intercourse. . . . [¶] This core element of the Hofsheier equal protection analysisthat if he had gone ahead and had intercourse with the victim he could not have been subjected to mandatory registration, but because he engaged in oral copulation he wasdoes not hold *170 true for Manchel. Because Manchel's victim was 15 years old and he was at least 10 years older than she was, whether Manchel was subject to mandatory registration did not hinge on the distinction of whether the sexual conduct he engaged in with her was oral copulation or sexual intercourse. Either act constituted a lewd and lascivious act under section 288, subdivision (c)(1) and subjected Manchel to mandatory lifetime registration as a sex offender. [Citations.] In other words, in contrast to Hofsheier [citation], here the nature of the sexual act was not determinative of whether Manchel was subject to mandatory registration: whether sexual intercourse or oral copulation took place, his conduct subjected him to mandatory registration under the Penal Code." (Manchel, supra, 163 Cal.App.4th at p. 1114.) The court concluded that because Manchel's conduct fell within statutes mandating registration "regardless of whether he engaged in intercourse or oral copulation, [he] cannot establish that he is similarly situated to another group of offenders who are not subject to mandatory sex offender registration" and for that reason, he could not prevail on his equal protection claim. (Manchel, at p. 1115.)
The Attorney General urges us to follow Manchel by refusing to view Taravella's conviction "in a vacuum." Looking beyond the offense Taravella was convicted of and considering the totality of his conduct will, the Attorney General argues, preserve the critical distinction between a 17-year-old boy who engages in oral copulation with his 16-year-old girlfriend and "a 55-year-old predator engaging in `voluntary' oral copulation with a 16-year-old victim." "It makes no difference," the Attorney General asserts, "that appellant was not convicted of violating [section 288, subdivision (c)(1)]." We are not persuaded. We agree with the appellate courts that have criticized Manchel's analysis.[6] (E.g., In re J.P. (2009) 170 Cal.App.4th 1292, 1299 [89 Cal.Rptr.3d 17] (J.P.); People v. Ranscht (2009) 173 Cal.App.4th 1369, 1375 [93 Cal.Rptr.3d 800] (Ranscht); Luansing, supra, 176 Cal.App.4th at p. 684.)
In J.P., the First District Court of Appeal extended Hofsheier's analysis to an offender found to have committed nonforcible oral copulation with a *171 person under 18 (§ 288a, subd. (b)(1)). The 12-year-old minor in that case admitted committing that offense in exchange for dismissal of counts alleging lewd conduct on a child under 14 (§ 288, subd. (a)) and forcible oral copulation (§ 288a, subd. (c)). (J.P., supra, 170 Cal.App.4th at p. 1294.) Years later, J.P. moved to set aside the registration requirement. The trial court denied the motion, distinguishing Hofsheier because Hofsheier's victim was 16 years old, whereas J.P.'s victims were five and seven years old. (J.P., at p. 1295.) On appeal, the Attorney General urged the court to follow Manchel, arguing that J.P. was not similarly situated to those convicted, as in Hofsheier, of nonforcible sexual intercourse with 16- and 17-year-old persons under section 261.5, but should instead be compared to those convicted under section 288, subdivision (a) of lewd conduct on a child under 14. (J.P., at p. 1299.) The J.P. court rejected that argument. The court reasoned that, "[w]hatever the underlying facts of [J.P.'s] offense, he admitted only one count of oral copulation under section 288a, subdivision (b)(1). We are unconvinced by the People's proposed approach, which would require us to look beyond the statutory elements of the offense he admitted. While the Hofsheier decision discussed the factual scenarios that typically underlie the statutes it was considering, its equal protection analysis involved a comparison of `persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors.' [Citation.]" (Ibid.)
(8) We agree. As the J.P. court explained, this approach "jibes with the mandatory registration statutes themselves, which are triggered by certain convictions or juvenile adjudications, and not by the underlying conduct of those offenses per se." (J.P., supra, 170 Cal.App.4th at p. 1299.)
In Ranscht, the 18-year-old defendant was charged with four counts of lewd conduct on a child under 14 (§ 288, subd. (a)) and two counts of sexually penetrating a minor (§ 289, subd. (h)). (Ranscht, supra, 173 Cal.App.4th at p. 1371.) He pleaded guilty to one count of violating section 289, subdivision (h), then challenged the mandatory registration requirement. (Ranscht, at p. 1372.) The trial court rejected his Hofsheier challenge and Ranscht appealed. In reversing, the Fourth District Court of Appeal strongly criticized Manchel.
"Ultimately," the Ranscht court declared, "the Manchel court's logic eludes us. It would have us completely ignore the crime of which a defendant is convicted and look instead to all of the crimes of which a defendant could have been convicted based on his conduct. This holding overlooks Hofsheier's plain language, which focused on `persons who are convicted of voluntary oral copulation . . ., as opposed to those who are convicted of voluntary intercourse with adolescents in [the] same age group.' [Citation.] [¶] Consistent with Hofsheier, we think the more appropriate course is to *172 focus on the offense of which the defendant was convicted, as opposed to a hypothetical offense of which the defendant could have been convicted based on the conduct underlying the charge." (Ranscht, supra, 173 Cal.App.4th at pp. 1374-1375.) Agreeing with the J.P. court, the Ranscht court held that Ranscht was similarly situated to an offender convicted of unlawful sexual intercourse with a 13-year-old victim. (Ranscht, at p. 1375.) The court held that, because the latter offender was at most subject to a discretionary registration requirement, subjecting Ranscht to mandatory registration violated his right to equal protection. (Ibid.)
Manchel was most recently criticized by Division Two of the Second District Court of Appeal in Luansing, a case factually similar to this one. The 30-year-old defendant in Luansing was convicted, as was Taravella, under section 288a, subdivision (b)(2). The trial court denied his Hofsheier challenge, stating that it was compelled to follow Manchel although that decision "`really bother[ed the trial court] a lot.'" (Luansing, supra, 176 Cal.App.4th at p. 679.) Division Two reversed, stating that it "agree[d] with the subsequent appellate decisions criticizing Manchel's analysis." (Luansing, at p. 684.)
The Luansing court additionally noted that even if it were to apply the Manchel court's analysis, it would not change its conclusion, since in 1979 when Luansing was convicted, "his conduct did not come within section 288 because at that time, that section only punished lewd conduct with minors under the age of 14." (Luansing, supra, 176 Cal.App.4th at p. 684, fn. 12.) The same can be said for Taravella. At the time of Taravella's offense, section 288 applied only to lewd conduct on a child under 14. (Stats. 1986, ch. 1299, § 4, p. 4595.) The current prohibition on lewd conduct on a child of 14 or 15 was not enacted until 1988 and did not take effect until 1989. (Stats. 1988, ch. 1398, § 1, p. 4730.) Taravella's victim was 14 years old.
(9) For these reasons, we conclude that Taravella is similarly situated to the class of offenders over the age of 21 convicted of nonforcible sexual intercourse with a person under the age of 16. Because those offenders are not subject to mandatory registration, subjecting Taravella to mandatory registration violates his right to equal protection.

III. Disposition
The trial court's February 26, 2009 minute order is reversed. The matter is remanded to the trial court with directions to treat the "motion to vacate" as an action for declaratory relief against the Department of Justice and to enter *173 judgment declaring that Taravella cannot constitutionally be subjected to section 290's mandatory registration requirement based on his conviction for violating section 288a, subdivision (b)(2).
McAdams, J., and Duffy, J., concurred.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise noted.
[2] In 1987, section 288a, subdivision (b)(2) provided that "[a]ny person over the age of 21 who participates in an act of oral copulation with another person who is under 16 years of age shall be guilty of a felony." (Stats. 1975, ch. 877, § 2, p. 1958.) The language of the current statute is substantially similar. (§ 288a, subd. (b)(2).)
[3] Section 290 has not changed in any way relevant to our analysis since 1987.
[4] Whether a trial court has jurisdiction to entertain a Hofsheier motion to vacate a registration requirement arising from a final conviction affirmed on appeal years earlier is currently pending before the California Supreme Court. (People v. Picklesimer, review granted Oct. 16, 2008, S165680.)
[5] We note that "[d]eclaratory relief is by statute made cumulative to other remedies. (Code Civ. Proc., § 1062.)" (Minor v. Municipal Court (1990) 219 Cal.App.3d 1541, 1549 [268 Cal.Rptr. 919] (Minor).)
[6] Our rejection of the Manchel court's analysis does not conflict with this court's statement in People v. Anderson (2008) 168 Cal.App.4th 135, 143 [85 Cal.Rptr.3d 262] (Anderson) that the decision there was "bolstered" by Manchel. Nor does it conflict with this court's statement in People v. Cavallaro (2009) 178 Cal.App.4th 103 [100 Cal.Rptr.3d 139] (Cavallaro) that the reasoning of Manchel was "of value" to our analysis. (Id. at p. 113.) Both Anderson and Cavallaro were convicted under section 288, subdivision (c)(1). (Anderson, at p. 138; Cavallaro, at p. 106.) Nothing in Anderson or Cavallaro suggests that this court considered conduct unrelated to either defendant's conviction. As this court recognized in Cavallaro, "Manchel . . . has been criticized in several recent decisions . . . because the court focused there on a crime with which the defendant was charged (§ 288(c)(1)), rather than the crime of which he was convicted (§ 288a, subd. (b)(2))." (Cavallaro, at p. 113, citation omitted.) Notwithstanding that criticism, which had no application in Cavallaro, this court found the reasoning of Manchel "of value to us in rejecting defendant's equal protection challenge." (Ibid.)