Filed 7/21/22  Stuckey v. Dept. of Justice CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| GARY WAYNE STUCKEY, | C094411 |
| Plaintiff and Appellant, | (Super. Ct. Nos. STK-CR-FE-1993-0005670, SC055590A) |
| v. | |
| DEPARTMENT OF JUSTICE, | MODIFICATION OF OPINION AND DENIAL OF PETITION FOR REHEARING |
| Defendant and Respondent; | |
| THE PEOPLE, | [NO CHANGE IN JUDGMENT] |
| Real Party in Interest and Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on June 29, 2022, be modified as follows:

1.      On page 13, delete footnote 9.

1

2.    Prior to the last sentence of the paragraph immediately preceding the Disposition on page 12 (and continuing to page 13) that reads "In short, because here a plausible basis does exist for the challenged statutory disparity, Stuckey's equal protection claim fails," insert a new paragraph that reads:

Finally, we reject Stuckey's argument that the "considerably older" adult rationale does not justify the disparate treatment at issue here because a person convicted of nonforcible oral copulation or sodomy with a minor under 14 years of age who is more than 10 years younger than he or she (§§ 286, subd. (c)(1), 287, subd. (c)(1)) is not a tier three sex offender under the tiered registration law. Like offenders under section 288, subdivision (a), and unlike offenders under section 288, subdivision (c)(1), there is no minimum age requirement for offenders under sections 286, subdivision (c)(1) or 287, subdivision (c)(1). Thus, an offender under these statutory provisions, like an offender under section 288, subdivision (a), can be a minor or an adult teenager (i.e., a person 18 or 19 years old). Accordingly, the Legislature could have reasonably concluded that offenders under section 288, subdivision (c)(1)--who are necessarily at least 24 or 25 years old--are less likely to be rehabilitated than those offenders convicted under sections 286, subdivision (c)(1) and 287, subdivision (c)(1).

3.    Convert the final sentence prior to the Disposition to a one-sentence paragraph reading:

In short, because here a plausible basis does exist for the challenged statutory disparity, Stuckey's equal protection claim fails.

As modified, the petition for rehearing is denied.  This modification does not change the judgment.


FOR THE COURT:


         /s/
Robie, Acting P. J.


         /s/
Duarte, J.


         /s/
Hoch, J.

Filed 6/29/22  Stuckey v. Dept. of Justice CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| GARY WAYNE STUCKEY, | C094411 |
| Plaintiff and Appellant, | (Super. Ct. Nos. STK-CR-FE-1993-0005670, SC055590A) |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant and Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest and Respondent. | |

California law has long required persons convicted of certain specified sex crimes against a child, including violations of Penal Code section 288,[1] to register as a sex offender so long as they live, attend school, or work in California.  (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048; *In re Alva* (2004) 33 Cal.4th 254, 264; § 290, subds. (b),

---

[1]  Undesignated statutory references are to the Penal Code.

1

(c).)  In 1993, Gary Stuckey pleaded no contest to committing a lewd and lascivious act upon a 15-year-old child when he was at least 10 years older than the child in violation of former section 288, subdivision (c) (now (c)(1)).[2]  As a consequence of his conviction, Stuckey was ordered to register as a sex offender for life.  (See former § 290.)

Commencing January 1, 2021, Senate Bill No. 384 (2017-2018 Reg. Sess.) (Senate Bill No. 384) restructured the sex offender registration requirement, establishing three tiers of registration for sex offenders, primarily based on the offense of conviction, for periods of at least 10 years (tier one), at least 20 years (tier two), and life (tier three). (Stats. 2017, ch. 541, § 2.5; see § 290, subd. (d).)  Effective July 1, 2021, Senate Bill No. 384 established procedures for termination from the sex offender registry if certain criteria are met, including completion of the mandated minimum registration period. These procedures, however, are limited to tier one and tier two sex offenders, with one exception that is not applicable here.[3]  (Stats. 2017, ch. 541, § 2.5; see § 290.5, subds. (a)-(c).)  Under current law, Stuckey is a tier three sex offender, subject to the lifetime registration requirement with no possibility of termination from the sex offender registry. (§ 290, subd. (d)(3)(C)(ix); see § 290.5, subds. (a), (b).)

Stuckey appeals from the denial of his petition for writ of mandate, which challenged the tiered sex offender registration law as violating principles of equal

---

[2]  The provision that is now subdivision (c)(1) of section 288 was originally enacted as subdivision (c) effective January 1, 1989; it became subdivision (c)(1) by a later amendment effective January 1, 1996.  (*People v. Paz* (2000) 80 Cal.App.4th 293, 296, fn. 8 (*Paz*).)  In this opinion, we refer to Stuckey's offense as a conviction under section 288, subdivision (c)(1).

[3]  If certain criteria are met, section 290.5, subdivision (b)(3) permits a person required to register as a tier three sex offender based solely on their risk level to petition the trial court for termination from the sex offender registry after 20 years.  Stuckey concedes that this provision does not apply to him because he qualifies as a tier three sex offender based on his offense of conviction.

protection. He argues that persons convicted of violating section 288, subdivision (c)(1) (a tier three sex offense) are similarly situated with persons convicted of committing a lewd or lascivious act upon a child under the age of 14 years in violation of section 288, subdivision (a) (a tier two sex offense), and that no rational basis exists for treating these groups of sex offenders differently with respect to the registration requirement.

We reject Stuckey's equal protection claim and affirm the order denying the petition for writ of mandate.

## BACKGROUND

In 1993, a six-count information was filed against Stuckey, charging him with three counts of committing a lewd and lascivious act upon a 14- or 15-year-old child in violation of section 288, subdivision (c) (now (c)(1), as noted *ante*), and three counts of unlawful sexual intercourse with a person under the age of 18 years in violation of section 261.5. The conduct giving rise to these charges occurred in early 1993 and involved the same victim, a 15-year-old girl. Stuckey, who was 26 years old at the time of the alleged offenses, pleaded no contest to a single count of violating section 288, subdivision (c)(1) and the remaining counts were dismissed. Stuckey's conviction resulted in a one-year sentence and mandatory lifetime sex offender registration under former section 290.

After Senate Bill No. 384 went into effect in January 2021, Stuckey filed a petition for writ of mandate, challenging the validity of the tiered sex offender registration law on equal protection grounds. In June 2021, the trial court denied Stuckey's petition. Stuckey timely appealed. The case was fully briefed on February 22, 2022, and assigned to this panel shortly thereafter. Defendant requested argument and the case was heard on June 22, 2022.

## DISCUSSION

Stuckey contends reversal is required because the tiered sex offender registration law established by Senate Bill No. 384 violates his equal protection rights under both the

3

federal and state Constitutions. He argues that persons convicted of the sex offenses proscribed under subdivisions (a) and (c)(1) of section 288 are similarly situated for purposes of the new law but treated in an unequal manner, and that no rational basis exists for the Legislature's disparate treatment, that is, there is no rational basis to support the mandatory lifetime registration requirement for a section 288, subdivision (c)(1) sex offender, while permitting a section 288, subdivision (a) sex offender to seek termination from the sex offender registry after the mandated minimum registration period (which, as we explain *post*, is generally 20 years). We disagree.

I

*Equal Protection Principles and Standard of Review*

Both the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution guarantee equal protection of the laws. " 'The California equal protection clause offers substantially similar protection to the federal equal protection clause' " (*People v. Jackson* (2021) 61 Cal.App.5th 189, 195), and our Supreme Court "has not distinguished the state and federal guarantees of equal protection for claims arising from allegedly unequal consequences associated with different types of criminal offenses" (*People v. Chatman* (2018) 4 Cal.5th 277, 287 (*Chatman*)).[4]

" ' " 'The equality guaranteed by the equal protection clauses of the federal and state Constitutions is equality under the same conditions, and among persons similarly situated. The Legislature may make reasonable classifications of persons and other activities, provided the classifications are based upon some legitimate object to be accomplished.' " ' " (*People v. Jeha* (2010) 187 Cal.App.4th 1063, 1073.) " 'The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally.' " (*People v. Valencia*

---

[4] Stuckey does not differentiate between the state and federal Constitutions or suggest the equal protection analysis under either should differ. Accordingly, we address his state and federal claims together. (*In re C.B.* (2018) 6 Cal.5th 118, 133, fn. 11.)

(2017) 3 Cal.5th 347, 376.) At its core, "the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification." (*Chatman, supra,* 4 Cal.5th at p. 288.)

" ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. McKee* (2010) 47 Cal.4th 1172, 1202.) "In other words, we ask at the threshold whether two classes that are different in some respects are sufficiently similar with respect to the laws in question to require the government to justify its differential treatment of these classes under those laws." (*Ibid.*)

If the similarly situated prerequisite is satisfied and, as here, the "disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." ' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).) "This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in ' "rational speculation" ' as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review 'whether or not' any such speculation has 'a foundation in the record.' " (*People v. Turnage* (2012) 55 Cal.4th 62, 74-75.) The party challenging a law on equal protection grounds must negate " ' "every conceivable basis" ' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic of the law." ' " (*Johnson*, at p. 881.)

" '[W]hen conducting rational basis review, we must accept any gross generalizations and rough accommodations that the Legislature seems to have made.' [Citation.] 'A classification is not arbitrary or irrational simply because there is an "imperfect fit between means and ends" ' [citations], or 'because it may be "to some extent both underinclusive and overinclusive" ' [citations]." (*Johnson, supra*, 60 Cal.4th at p. 887.) "At bottom, the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses." (*Ibid*.)

We review an equal protection claim de novo. (*California Grocers Assn. v. City of Los Angeles* (2011) 52 Cal.4th 177, 208.)

## II

*Section 288, the Sex Offender Registration Act, and Senate Bill No. 384*

Section 288 criminalizes the commission of lewd or lascivious acts against children and dependent persons. (See § 288, subds. (a)-(c).) As relevant here, subdivision (a) of section 288 provides: "[A] person who willfully and lewdly commits any lewd or lascivious act . . . upon . . . a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

Subdivision (c)(1) of section 288 provides, in pertinent part: "A person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year." As one appellate court has explained, "The inclusion of the decade age difference in th[is] subdivision reflects a recognition that a 'sexually naïve' [citation] child of 14 or 15 could fall victim to a more experienced adult, a vice the Legislature was attuned to and took action to prevent." (*Paz, supra,* 80 Cal.App.4th at pp. 296-297

6

[explaining that the legislative history of § 288, subd. (c) (now (c)(1)) discloses a legislative desire to fill a gap in the law and protect early teens from sexual exploitation by predatory older adults to the same extent children under 14 are protected by subd. (a) of § 288].)

As noted *ante*, California law has long required persons convicted of certain specified sex crimes against a child, including violations of section 288, to register as a sex offender so long as they live, attend school, or work in California. The registration requirement is set forth in section 290, which is a key provision of California's Sex Offender Registration Act (§ 290 et seq.) that applies automatically to the offenses enumerated therein, and, until recently, imposed a mandatory lifelong obligation to register for all such offenses. (See *Johnson, supra*, 60 Cal.4th at p. 876-877; *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527.) As our Supreme Court has explained, section 290 was enacted to " 'promote the " 'state interest in controlling crime and preventing recidivism in sex offenders' " ' [citation] and serves 'an important and vital public purpose by compelling registration of many serious and violent sex offenders who require continued public surveillance' [citations]. Children, in particular, 'are a class of victims who require paramount protection' from sex offenders [citation], and mandating lifetime registration of those who prey on underage victims serves 'to notify members of the public of the existence and location of sex offenders so they can take protective measures' [citation]." (*Johnson*, at p. 877; see *In re Alva*, *supra*, 33 Cal.4th at p. 264 [" ' "The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." ' "].)

Commencing January 1, 2021, Senate Bill No. 384 restructured the sex offender registration requirement, establishing three tiers of registration for sex offenders, primarily based on the offense of conviction, for periods of at least 10 years (tier one), at least 20 years (tier two), and life (tier three). (Stats. 2017, ch. 541, § 2.5; see § 290, subd.

7

(d).)  Under current law, a person (like Stuckey) convicted of violating section 288, subdivision (c)(1) is a tier three sex offender, subject to the lifetime registration requirement with no possibility of termination from the sex offender registry.  (§ 290, subds. (c), (d)(3)(C)(ix).)  By contrast, a person convicted of violating section 288, subdivision (a) is a tier two sex offender, who is generally permitted to petition for termination from the sex offender registry after a minimum of 20 years.[5]  (§ 290, subds. (c), (d)(2)(A) [describing a tier two sex offender as a person convicted of an offense described in subdivision (c) of section 290 that is also a violent or serious felony described in subdivision (c) of section 667.5 or subdivision (c) of section 1192.7]; § 290.5, subd. (a)(1); see § 667.5, subd. (c)(6) [describing a §, subd. (a) offense as a violent felony]; § 1192.7, subd. (c)(6) [describing a § 288, subd. (a) offense as a serious felony].)

Prior to the enactment of Senate Bill No. 384, California treated all sex offenders the same, "regardless of the person's risk of reoffense," which resulted in the registry becoming so "bloated" that law enforcement could not use it effectively, since there was no way of differentiating between higher and lower risk sex offenders.  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 384 (2017-2018 Reg. Sess.) as amended Sept. 8, 2017, p. 12.)  The purpose of Senate Bill No. 384 was to establish a tiered registration system that improves public safety by focusing resources on those offenders who pose the greatest risk based on the severity of the offense and the likelihood of recidivism, while allowing less serious or lower risk sex offenders to seek termination from the sex offender registry after 10 or 20 years.  (*Id*. at pp. 12-13.)

---

[5]  Although not relevant here, the tiered sex offender registration law permits a tier two sex offender to petition for termination from the sex offender registry after 10 years if certain specified criteria are satisfied.  (§ 290.5, subd. (b)(1), (2).)

III

*Analysis*

As we next explain, we see no equal protection violation. Stuckey has not shown that persons convicted under subdivisions (a) and (c)(1) of section 288 are similarly situated for purposes of the tiered sex offender registration law. Nor has Stuckey shown that there is no rational relationship between the disparity of treatment at issue here and some legitimate governmental purpose.

Generally, persons who commit different crimes are not similarly situated. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on another ground by *Johnson, supra*, 60 Cal.4th at pp. 874-875.) Stuckey recognizes the general rule but insists that it does not apply here because "both subdivisions (a) and (c)(1) of section 288 are directed at protecting all children from sexual exploitation, both offenses proscribe the same conduct and [require] the same specific intent, and all section 288, subdivision (c)(1), offenders have also violated subdivision (a)."[6] We are unpersuaded.

In arguing that the similarly situated prerequisite is satisfied, Stuckey acknowledges that a violation of section 288, subdivision (c)(1) requires that the victim be 14 or 15 years old and the perpetrator be at least 10 years older than the victim. Thus, only adults 24 years of age or older may be convicted of this offense. By contrast, the only age requirement under section 288, subdivision (a) is that the victim of a lewd or lascivious act be under 14 years of age; the perpetrator can be any age.[7] As such, minors

---

[6] Stuckey erroneously asserts that all persons who violate section 288, subdivision (c)(1) also violate section 288, subdivision (a). As we have explained, in order to be convicted of violating subdivision (a), the minor victim must be *under* the age of 14 years, while a minor victim must be 14 or 15 years old for a person to be convicted of violating subdivision (c)(1). (§ 288, subds. (a), (c)(1).) In short, there is no overlap.

[7] Indeed, section 288, subdivision (a) applies even if the perpetrator is a minor and younger than the victim. (See, e.g., *In re Jerry M*. (1997) 59 Cal.App.4th 289, 295-297 [juvenile delinquent 11 years old and victim 12 years old].)

9

and adult teenagers (i.e., persons 18 and 19 years old) can violate this provision.[8]

Accordingly, since a person convicted under section 288, subdivision (c)(1) must be an adult at least 10 years older than a 14- or 15-year-old victim, a person convicted of that crime is not similarly situated to a person convicted under section 288, subdivision (a) for purposes of the tiered registration law. Our conclusion is consistent with other appellate court decisions that have rejected equal protection challenges involving laws that do not have a similar age gap requirement as section 288, subdivision (c)(1). (See *People v. Cavallaro* (2009) 178 Cal.App.4th 103, 114 [concluding that persons convicted under sections 288, subdivision (c)(1) and 261.5, subdivision (d) (unlawful, nonforcible sexual intercourse with a child under 16 years of age, where the offender is 21 years of age or older), are not similarly situated for purposes of mandatory sex offender registration (as opposed to discretionary registration)]; *People v. Anderson* (2008) 168 Cal.App.4th 135, 142 [rejecting argument that, for purposes of mandatory sex offender registration, a person convicted under § 288, subd. (c)(1) is similarly situated with persons convicted of voluntary oral copulation of a 16- or 17-year-old victim in violation of former § 288a, subd. (b)(1) (now § 287, subd. (b)(1))].) Since Stuckey has not shown that the Legislature adopted a classification that affects two or more similarly situated groups in an unequal manner, his equal protection claim fails "at the threshold." (*People v. McKee, supra,* 47 Cal.4th at p. 1202; *People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

In any event, even were we to agree with Stuckey that the similarly situated prerequisite is satisfied, Stuckey has failed to show that there is no rational relationship between the challenged statutory disparity and some legitimate governmental purpose. The relevant inquiry in this case is whether a legitimate reason exists that permits the

---

[8] A 16- or 17-year-old child may be tried as an adult for a violation of section 288, subdivision (a). (See Welf. & Inst. Code, § 707, subd. (a)(1).)

Legislature to require lifetime registration for persons convicted under section 288, subdivision (c)(1), while allowing persons convicted under section 288, subdivision (a) to petition for termination from the sex offender registry after the expiration of the mandated minimum registration period (typically 20 years).  Such a reason exists here.

The Legislature could have reasonably determined that the challenged statutory disparity is warranted to serve the legitimate governmental purpose of protecting the public from considerably older adults who have preyed on young and vulnerable children.  (See *People v. Cavallaro*, *supra*, 178 Cal.App.4th at p. 114 [explaining that the Legislature could have properly concluded it was necessary to require lifetime sex offender registration for a person convicted under section 288, subdivision (c)(1) because of the potential for predatory behavior resulting from the significant age difference between the adult and the minor victim].)  The legislative concern giving rise to the enactment of subdivision (c)(1) of section 288--sexual exploitation of young, vulnerable children by significantly older predatory adults (*Paz, supra,* 80 Cal.App.4th at pp. 296-297)--is not always present when a person violates subdivision (a) of the statute, since a violation of that provision can involve consensual sexual relations between minors or teenagers in a romantic relationship.  (See, e.g., *People v. Tuck* (2012) 204 Cal.App.4th 724, 727-728 [19 year old who engaged in consensual sexual relations with girlfriend "a few months shy of 14" convicted under § 288, subd. (a)].)  The Legislature, therefore, could have rationally concluded that some violations of section 288, subdivision (a) are not as egregious and the offender is not as dangerous to society (i.e., likely to recidivate) as sexual predators convicted under section 288, subdivision (c)(1).  It is reasonably conceivable the Legislature rationally determined that lifetime sex offender registration may not be warranted for all persons convicted under section 288, subdivision (a) due to the nature of the offense, including the relationship and age difference between the perpetrator and victim.  In other words, the Legislature could have sensibly decided that there may be instances where a violation of section 288, subdivision (a) is less serious

11

and the offender is a lower risk sex offender, such that persons convicted of this crime should be given the opportunity to seek termination from the sex offender registry after the mandated minimum registration period.

We acknowledge several specific points from the briefing that we also explored at oral argument regarding apparent incongruities in the Legislature's treatment of the crimes at issue here. First, we do not disagree that because certain young adults (24 and 25 year olds) may be convicted of violating section 288, subdivision (c)(1), there is some tension in the Legislature's decision to exclude section 288, subdivision (c)(1) offenders from seeking relief from the sex offender registration requirement, given recent changes in the law driven by the differences in moral culpability and brain development of offenders 25 years of age and younger versus older offenders. However, this apparent inconsistency and resulting tension is a matter for the Legislature and is not dispositive here. Similarly, although those convicted of offenses under section 288, subdivision (a) are subject to harsher penalties (three, six, or eight years of imprisonment; convictions classified as a "super strike" (§ 667, subd. (e)(2)(C)(iv)(III)) than those convicted under section 288, subdivision (c)(1) (one, two, or three years imprisonment; offenses may be prosecuted as a misdemeanor or a felony), this observation does not necessarily signal the lack of a plausible basis for the statutory disparity challenged here. The Legislature reasonably could have determined that, even if section 288, subdivision (a) offenses are punished more severely than subdivision (c)(1) offenses based on the age of the victim, subdivision (a) offenses could be committed by younger offenders with more potential to rehabilitate than their subdivision (c)(1) counterparts, who are necessarily older and more predatory, even if their conduct occurs with an older victim. In short, because here a

12

plausible basis does exist for the challenged statutory disparity, Stuckey's equal protection claim fails.[9]

## DISPOSITION

The order denying the petition for writ of mandate is affirmed.


                                                     /s/
                                            Duarte, J.


We concur:


    /s/
Robie, Acting P. J.


    /s/
Hoch, J.

---

[9] Stuckey argues in passing that the "considerably older" adult rationale does not justify the disparate treatment at issue here because a person convicted of nonforcible oral copulation or sodomy with a minor under 14 years of age who is more than 10 years younger than he or she (§§ 286, subd. (c)(1), 287, subd. (c)(1)) is not a tier three sex offender under the tiered registration law. Stuckey has forfeited this argument by failing to raise it in the trial court and by failing to adequately develop it on appeal. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 [an appellate court is not required to examine undeveloped claims]; *Baugh v. Garl* (2006) 137 Cal.App.4th 737, 746 ["Points not raised in the trial court may not be raised for the first time on appeal"].)